LOW et al. v. THOMPSON.

(Supreme Court, Appellate Term. April 10, 1908.)

1. ESTATES—CONDITIONS—LIMITATIONS—DISTINCTION.

The difference between a limitation and a condition is that in order to defeat an estate upon a condition some act must be done, as making re-entry, while in the case of a limitation the happening of the event in itself terminates the estate by operation of law, without any additional acts.

2. LANDLORD AND TENANT—RECOVERY OF POSSESSION BY LANDLORD—RE-ENTRY—NECESSITY—SUMMARY PROCEEDINGS.

Where a lease between a landlord and tenant provided that upon default in payment of rent the relation of landlord should cease at the option of the landlord, and that the latter might re-enter the premises and remove all persons therefrom, the tenant waiving service of notice to re-enter as required by the statute, the clause providing that the tenancy should cease at the landlord's option on nonpayment of rent was a condition, and not a limitation; and hence a re-entry by the landlord was necessary to terminate the tenancy, so as to entitle him to bring summary proceedings to oust the tenant.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by Jennie M. Low and others against Ezekiel R. Thompson. From a judgment dismissing the petition, petitioners appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Harris, Corwin, Gunnison & Meyers, for appellants.

Alexander Lamont, for respondent.

SEABURY, J. The petition in this proceeding was brought for the purpose of dispossessing the tenant for nonpayment of rent. The justice of the Municipal Court, before whom this proceeding came on to be heard, dismissed the proceeding. The decision of the court below was based upon the view that under the lease between the parties the nonpayment of rent creates a condition, upon the breaking of which the landlord had the right to re-enter, and not a limitation of the term, after the expiration of which the tenant would become a mere hold-over. The lease contained the following clause:

"And the said party of the second part hereby further covenants that if any default be made in the payment of said rent, or any part thereof, at the time above specified, or if default be made in the performance of any of the covenants and agreements herein contained, the said hiring, and the relations of landlord and tenant, shall, at the option of the party of the first part, wholly cease and determine, and the said party of the first part shall and may re-enter the said premises and remove all persons therefrom; and the said party of the second part hereby expressly waives the service of any notice in writing of intention to re-enter as provided for in the third section of an act entitled 'An act to abolish distress for rent' and for other purposes."

In Lyon v. Hersey, 103 N. Y. 264, 269, 8 N. E. 518, 520, the court pointed out briefly and clearly the precise distinction existing between a limitation and a condition. "The difference between a limitation and a condition," said the court, "is defined to be that, in order to defeat the estate in the latter case, it requires some act to be done, such as making an entry to effect it, while in the former the happening of the event is in itself the limit beyond which the estate no longer exists, but it is determined by the operation of the law without requiring any act to be done by any one."

It is argued on behalf of the landlord (appellant) that this distinction has no application to this case, because the petition is based on nonpayment of rent, not in the holding over by the tenant after the expiration of the term. This argument overlooks the fact that the lease distinctly provides that, even in the case of default in the nonpayment of the rent, the tenancy shall terminate only "at the option of the parties of the first part." Thus the estate demised could only be defeated by some act of the landlord, taken after condition broken. By the terms of the lease, therefore, the tenancy continued, even after default in payment of rent, until the landlord elected to take advantage of the option in the lease and terminate the tenancy by re-entry for condition broken. In Beach v. Nixon, 9 N. Y. 35, a clause similar to that contained in the lease before us was before the court for consideration. The decision of the court in that case is decisive of the question raised upon this appeal. See, also, Kelly v. Varnes, 52 App. Div. 100, 103, 64 N. Y. Supp. 1040, and cases cited.

It follows, therefore, that the court below was correct in dismissing the petition, and the final order, appealed from, is affirmed, with costs.

GILDERSLEEVE, J., concurs.

DAYTON, J.    I concur, feeling bound by the close distinctions established by the decisions in this class of cases; otherwise, I should vote for reversal.