## JANES v. PADDELL et al.

(Supreme Court, Appellate Term.    April 29, 1910.)

1. LANDLORD AND TENANT (§ 93*)—TERMINATION OF LEASE—RIGHT TO PROVIDE THEREFOR.

Parties may provide that the lease shall terminate at the happening of an event, or that the event shall give the landlord an option to terminate it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 296, 297; Dec. Dig. § 93.*]

2. LANDLORD AND TENANT (§ 93*)—TERMINATION OF LEASE—INTENT OF PARTIES—HOW DETERMINED.

The intent of the parties as to whether a lease shall terminate at the happening of a specified event, or that the event shall give the landlord an option to terminate it, can be determined only from the language of the particular lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 296, 297; Dec. Dig. § 93.*]

3. LANDLORD AND TENANT (§ 103*)—TERMINATION OF LEASE—CONSTRUCTION.

A lease provided that if default should be made in any of its covenants, or if lessee failed in performance of any of the conditions or provisos, "that from then and upon the happening of said events, and at the election of" the lessor, the lease and the estate granted should determine. Held, that it did not provide for a conditional limitation, but for a condition, and that on breach of a covenant against assignment the lease continued till the landlord exercised his option by an actual re-entry.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 321–327, 337–342; Dec. Dig. § 103.*]

4. LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—EXERCISE OF OPTION—SUMMARY PROCEEDINGS.

A landlord cannot, without notice, by bringing summary proceedings, exercise his option to terminate the lease for breach of a covenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 317; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings by Jane M. Janes against Timothy F. Paddell and others. From the final order in favor of the tenants, the landlord appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Frederick L. C. Keating (Alfred G. Reeves, of counsel), for appellant.

Everett V. Abbot, for respondents.

LEHMAN, J. The petition of the landlord sets forth that she leased premises in the city of New York to the tenant, and that the lease contained the following provisions:

"Provided, always, nevertheless, that if the rent above reserved * * * shall not be paid within twenty days," etc., "* * * or if default shall be made in any or either of the covenants herein contained, or if the said party of the second part shall fail in the performance of any of the conditions or provisos in these presents contained, that from then and upon the happening of said events, and at the election of the party of the first part, her personal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

representatives and assigns, this indenture and the estate hereby granted, and every clause, article, and thing herein contained, shall cease, determine, and be entirely void to all intents and purposes whatsoever; and it shall and may be lawful for the said party of the first part thereupon to enter the said demised premises, and re-enter and repossess, have, hold, and enjoy the same again as of her former estate and interest therein, anything herein contained to the contrary in any wise notwithstanding. And it is further hereby mutually agreed and understood that the party of the second part shall and will pay. * * * And also that if any default shall be made in the payment of the said fixed rent originally reserved or additional, further or contingent rent, or any part thereof, at the times above specified, or if default be made in the performance of any of the covenants or agreements herein contained on the part of the party of the second part to be paid, kept, and performed, then the said hiring and the relation of landlord and tenant at the option of the said party of the first part shall wholly cease and determine, and the party of the first part shall and may re-enter the said premises and remove all persons therefrom; and the said party of the second part hereby expressly waives the service of any notice in writing of intention to re-enter as provided in section 1505 of the Code of Civil Procedure. * * * And it is further agreed that the said party of the second part shall and will not at any time or times hereafter assign, transfer, or set over the present lease to any person or persons whomsoever without the assent of the party of the first part in writing under her seal first had and obtained. And if this lease shall terminate by reason of legal proceedings instituted by the party of the first part, or the exercise of any option reserved to her herein, then and in such event the said party of the second part shall be liable for the deficiency," etc.

The petition then sets forth the assignment by the tenants of the said lease and that:

"In accordance with the provisions of the said agreement of lease, the landlord has elected and hereby elects that said agreement of lease and the estate thereby granted, and every clause, article, and thing herein contained shall cease, determine, and be utterly void to all intents and purposes whatsoever, and that said hiring and the relation of landlord and tenant shall wholly cease and determine."

The landlord contends that the above terms of the lease provided for a conditional limitation, and not for a condition, and that the breach of any covenant terminated the lease ipso facto, and thereafter she could bring summary proceedings for the removal of the tenant. The distinction between a condition and a conditional limitation has been clearly pointed out in the opinion of Mr. Justice Scott, writing for the court in the case of Martin v. Crossley, 46 Misc. Rep. 254, 91 N. Y. Supp. 712, and under the authority of that opinion and of the decisions of the higher courts cited therein the only point for us to decide is whether the breach of the covenants against assignment gave the right to the landlord to declare the lease at an end at her option, or whether the lease was ipso facto terminated by the breach.

It cannot be disputed that the parties have a right to provide either that the lease shall terminate at the happening of an event or that the event shall give the landlord the option of terminating it. The intent of the parties can be determined only from the language of the lease, and while the opinions in other cases are of service in so far as they establish general rules of interpretation, I have found no cases in which a lease in similar terms to the one under consideration has received any authoritative interpretation. In the case of Beach v. Nixon, 9 N. Y. 35, the clause under consideration was that:

"In case of the nonfulfillment or violation of any of the above considerations the said hiring and the relation of landlord and tenant at the option of the party of the first part shall wholly cease and determine."

The court there held that, since the estate was to cease only at the option of the landlord, it was "of course to continue until he should otherwise elect," and therefore the provision established a condition and not a limitation. The landlord in the case at bar seeks to distinguish the cases, because in the case at bar the provision is that from and upon the happening of the event the estate shall cease, determine, and be utterly void.

I think that her contention is unsound. The clause provides in terms that the lease shall cease and determine from the happening of the event only at the option of the landlord, and the lease must necessarily continue until such option is exercised, and there is but one way in which in law she could manifest such election, and that was by actual re-entry. In this respect this case differs from Miller v. Levi, 44 N. Y. 489, Martin v. Crossley, 46 Misc. Rep. 254, 91 N. Y. Supp. 712, and the other cases cited by the landlord, where the lease by its terms terminated after the occurrence of the event at the option of the landlord by the giving of a notice. In all those cases it was clearly the intention of the parties that the lease should endure no longer than the time set in the notice. In other words, where the lease provides that the estate shall cease and determine upon the happening of the event at the option of the landlord, the lease is not at an end until the landlord has exercised his option by enforcing a forfeiture, and this constitutes, not an expiration of the lease, but a termination. Kramer v. Amberg, 4 N. Y. Supp. 613.

On the other hand, where the claim is based, not "upon the forfeiture created by the broken covenant, but upon the express limitation annexed to the covenant in the lease that when the breach occurred and the landlord gave notice electing to terminate the lease the term should cease absolutely at the expiration of the term fixed by the notice," then the lease ceases and expires from that time. Cottle v. Sullivan, 8 Misc. Rep. 184.

The landlord claims that she is permitted to exercise this option without notice by bringing these proceedings. The fallacy of the argument is apparent when we consider that this proceeding can be brought only upon allegation and proof that the term has expired, and such an allegation is impossible if the lease continues until the minute when the proceedings are begun. To base proceedings upon the expiration of a lease, the landlord must be able to point to some moment previous to the bringing of the proceedings at which the lease had expired.

Moreover, in several respects the language in the case at bar is less favorable to the landlord than the language of the lease considered in the case of Beach v. Nixon. In that case the parties expressly agreed that after the breach possession could be resumed by summary proceedings, which is the proper method after the expiration of the lease, while in this case the parties have provided only for a resumption by re-entry, which was at common law the only method of enforcing a forfeiture for condition broken, and the tenant "expressly

waived the service of any notice in writing of intention to re-enter as provided in section 1505 of the Code of Civil Procedure," which section applies only to re-entry by ejectment, and not by summary proceedings.

It is also to be noted that, while the lease provides that the estate shall "cease and determine," it uses these words in connection with the words "be utterly void," apparently contemplating, not an expiration, but an avoidance, of the lease.

For all these reasons, it seems to me that the learned trial justice correctly held that summary proceedings would not lie. In this view of the case it becomes unnecessary to consider whether or not the acts of the tenant have constituted a breach of any covenant of the lease.

Order should be affirmed, with costs. All concur.