(68 Misc. Rep. 499.)

### GROSSCUP v. SPILLER.

#### (Supreme Court, Appellate Term. July 27, 1910.)

LANDLORD AND TENANT (§ 296*)—SUMMARY PROCEEDINGS—RIGHT TO MAINTAIN.

> A provision in a lease permitting the landlord to re-enter on giving five days' previous notice of intention so to do and on tendering back unearned rent, and entitling him to possession on expiration of the notice, did not constitute a limitation warranting summary proceedings, being a condition merely entitling him to re-enter.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1272; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by William H. Grosscup, landlord, against Isabel R. Spiller, tenant. From a final order in favor of the landlord, the tenant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Archibald Palmer, for appellant.
Kaulfuss & Callahan, for respondent.

BIJUR, J. The real question involved in this appeal, which is taken from a judgment rendered in favor of the landlord in summary proceedings, is whether the clause in the lease litigated constitutes a condition or a limitation. The language of the lease is as follows:

"This lease is granted upon the express condition, however, that in case said landlord, his agents or assigns, at any time should deem occupants objectionable or improper said landlord, his agents or assigns, shall have full license and authority to re-enter and have full possession of said premises either with or without legal proceedings on giving five days' previous notice of intention so to do, and tendering payment of the rent paid on account of the unexpired term; and upon the expiration of said notice and tender of payment made as aforesaid, said landlord, his agents or assigns, shall be entitled to the immediate possession thereof, and in consideration of the above letting the party of the second part consents, that the landlord, his agents or assigns, shall not be liable to prosecution or damages for so resuming possession of said premises."

And:

"Fourth. That in case of default in any of the covenants the landlord may resume possession of the premises and relet the same."

If the lease provided that upon giving five days' notice the lease should terminate or the term expire, as it did in Miller v. Levi, 44 N. Y. 489, it would be plain that the clause constituted a limitation, and that summary proceedings were warranted. This lease, however, authorizes the landlord merely to re-enter. That he may re-enter after five days' notice, rather than on a bare condition broken, does not alter the character of the provision.

Final order reversed and new trial granted, with costs to the appellant to abide the event.

GUY, J., concurs.

SEABURY, J. (concurring). In this case the clause in the lease gives the landlord the right to re-enter and have full possession of said premises "on giving five days' previous notice of intention so to do and tendering payment of the rent paid on account of the unexpired term; and, upon the expiration of said notice and tender of payment," the landlord "shall be entitled to the immediate possession thereof."

This clause does not provide that the lease shall terminate or the term expire upon the giving of five days' notice. The provision as to notice is preliminary merely to the landlord's right to re-enter. The tenant is not a holdover after such notice is given to him and his estate is not forfeited until re-entry is made by the landlord. The tenant not being a holdover, this case is not within the provision of the statute which sanctions summary proceedings. Such being the case, the landlord is remitted to his common-law remedy of ejectment.

Order should be reversed and a new trial ordered, with costs to the appellant to abide the event.