ad absurdum. It is a penal as well as a remedial provision (see section 50), and must be confined in construction to a reasonable interpretation of its language. In my opinion a picture is not used "for advertising purposes" within its meaning unless the picture is part of an advertisement, while "trade" refers to "commerce or traffic," not to the dissemination of information. According to the plaintiff's construction, the picture of a pugilist or president would bring the case within the statute where that of an obscure and quiet citizen would probably not; nor does he, indeed, object to his picture, except in connection with his biography. Motion for temporary injunction denied.

Motion denied.

---

(68 Misc. Rep. 501.)

#### BARNEY ESTATE CO. v. PALMER & SINGER MFG. CO. et al.

(Supreme Court, Appellate Term. July 27, 1910.)

LANDLORD AND TENANT (§ 296*)—SUMMARY PROCEEDINGS—RIGHT TO MAINTAIN.

Under a provision permitting a landlord, on the tenant's default, to terminate the lease by giving thirty days' previous notice, the giving of the notice terminates the lease, and, if the tenant continues in possession, he becomes a mere holdover, against whom the landlord can maintain summary proceedings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1272; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of New York, Third District.

Summary proceedings by the Barney Estate Company, landlord, against Palmer & Singer Manufacturing Company and another, tenants. From a judgment and final order in favor of the tenants, the landlord appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Masten & Nichols, Walter E. Hope, and Henry F. Atherton, for appellant.

Jay Noble Emley, for respondents.

SEABURY, J. This is an appeal by the landlord from a final order in summary proceedings dismissing the petition. The petition was based upon the ground of nonpayment of rent, and that the landlord gave notice to the tenant that he exercised his option to terminate the lease, and that 30 days had expired since the giving of said notice and the commencement of these proceedings.

Under the terms of the lease, it is provided that, in case of default by the tenant in any of the covenants, "the landlord may at his option terminate this lease at any time by giving thirty days' previous notice to the tenant." It will be observed that this clause not only gives the landlord the option to terminate the lease in case of default by the tenant, but it also specifically prescribes the manner in which this option is to be exercised, viz., the manner in which the lease itself is to terminate. The event upon which the relation of landlord and ten-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant terminates is prescribed by the instrument creating the estate to be the giving of thirty days' notice to the tenant. The giving of this notice limits the term, causes it to cease, and to come to an end. If, after the estate has thus terminated, the tenant continues in possession of the premises, he becomes a mere holdover, and the landlord in such case is entitled by the terms of the statute to institute summary proceedings. This case is different from Low v. Thompson, 58 Misc. Rep. 541, 109 N. Y. Supp. 750, where the tenancy continued even after the default in payment of rent until the landlord elected to terminate the tenancy by re-entry for condition broken. In that case the landlord had not taken advantage of the option in the lease and terminated the tenancy by re-entry. The tenant was not therefore a holdover, and the case was not within the terms of the statute authorizing summary proceedings. In the present case the lease by its terms does not provide that, in order to terminate it, the landlord shall re-enter, but it is to come to an end upon the giving of the notice prescribed. This case more nearly resembles Martin v. Crossley, 46 Misc. Rep. 254, 91 N. Y. Supp. 712, where the lease provided that the landlord might at his option terminate it for any breach of its conditions by giving five days' notice, and "that upon the giving of said notice this lease and the said term and interests and all rights and claims in interest under this lease shall cease and end." The court held that the term had come to an end by virtue of the language of the lease upon giving the notice prescribed.

I think the order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.