void for usury, and the guaranty is supported by no other consideration, it must, of necessity, fall with the note. The guaranty fails to the same extent as the usurious debt guaranteed fails."

The fact that the usurer sought to disguise the illegal character of the contract under the cover of a confession of judgment and an agreement of guaranty does not in any respect better the position of the lender. It was a mere subterfuge or contrivance to cheat the law. The law in such cases looks at the substance of the transaction, rather than its superficial appearance. "Where the real transaction is a loan of money," said Lord Mansfield, "the wit of man cannot find a shift to take it out of the statute." Floyer v. Edwards, 1 Cowper's R. 112, 114. The original obligation being void for usury, the guaranty of the defendants to pay the debt was of the same character, and no recovery can be had upon it.

It follows that the judgment should be reversed, and the complaint dismissed, with costs. All concur.

---

(78 Misc. Rep. 150.)

### FIFTH AVE. BLDG. CO. v. POTARAS.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

1. LANDLORD AND TENANT (§ 297*)—TERMINATION OF LEASE—EXERCISE OF OPTION—SUMMARY PROCEEDINGS.

    Where a lease provided that, on breach of a covenant to keep the premises clean, it should, at the option of the landlord, expire, the exercise of the option by the landlord was necessary to end the tenancy; and where it was not exercised, and the term had not ended, the tenant was not a hold-over tenant, and hence the landlord could not institute summary proceedings for his removal.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. § 297.*]

2. LANDLORD AND TENANT (§ 297*)—PROVISIONS OF LEASE—WAIVER OF NOTICE OF LEGAL PROCEEDINGS—EFFECT.

    The provisions of a lease whereby the tenant waives a right to notice of the institution of legal proceedings would not render it unnecessary for the landlord to exercise an option to terminate the lease for breach of a covenant before commencing summary proceedings, and thus convert an estate upon condition into one upon limitation.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. § 297.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by the Fifth Avenue Building Company against Gregory Potaras. From a judgment for the landlord, the tenant appeals. Reversed, and petition dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Elias Rosenthal, of New York City, for appellant.
Louis F. Doyle, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. [1] Appeal by a tenant from a final order rendered in favor of a landlord in summary proceedings. This summary proceeding was instituted by the landlord to remove the tenant, on the ground that the tenant held over after the termination of his estate. The lease, under which the tenant entered into possession, provided that the tenant should—

"maintain a first-class flower stand, and to keep the place occupied by him and the adjoining pavement clean and free from refuse, and in case of his failure to do so, this lease shall, at the option of the landlord, expire and come to an end."

It is alleged in the petition that this covenant of the lease was violated by the tenant. The mere breach of the condition contained in the lease did not give the landlord the right to institute these proceedings. The tenant cannot be said to have held over until his estate terminated. It is true that the estate was such that it might be terminated at the option of the landlord; but neither the allegations of the petition nor the proof established that the landlord ever exercised this option. The failure of the landlord to exercise the option left the estate of the tenant unterminated, and consequently the tenant was not a hold-over, and the landlord had no right to institute the present proceedings. Janes v. Paddell, 67 Misc. Rep. 420, 122 N. Y. Supp. 760. As the estate of the tenant was not terminated before the commencement of these proceedings, it is unnecessary to determine as to the manner in which the landlord should, under the lease, have exercised his option, provided he elected so to do.

[2] The provisions of the lease upon which the appellant relies, whereby the tenant waives the right to notice of the institution of legal proceedings, cannot be interpreted to change the character of the tenant's estate, and to convert an estate upon condition into an estate upon limitation.

It follows that the order appealed from should be reversed, with costs, and the petition dismissed, with costs. All concur.