Guy, J.
The petition herein alleges that the landlord leased to the tenant a basement store for three years, the term to end December 31, 1921; that the lease contained the following paragraph: “4th. That the tenant shall not assign this agreement or underlet or under-lease the premises or any part thereof, or make any alterations on the premises without the landlord’s consent in writing; or occupy, or permit or suffer the same to be occupied for any business or purpose deemed disreputable or extra-hazardous on account of fire, under' the penalty of damages and for-' feiture;” that prior to September 15,1919, the tenant, without the landlord’s consent in writing, underlet the premises to one Levine; that on the 16th day of September, 1919, the landlord gave notice in writing to the tenant that the landlord elected to terminate the tenancy by reason of the said violation of the terms and covenants of the lease and demanded possession of *602 the premises on or before September 30, 1919, and that in default thereof he would commence summary proceedings to remove the tenant and under-tenant. The petition further states that prior to the verification of the petition, the landlord elected to terminate the tenancy by reason of said violation; that the tenant’s term has “ expired,” and that he holds over without permission of the landlord.
The tenant appeared specially and moved to dismiss on the following grounds: First, that the court had no jurisdiction; second, that the petition fails to allege that notice to terminate the tenancy has been given to the under-tenant; third, that there is no allegation that the under-tenant is in possession of the premises. The motion was denied and leave given to the tenant to answer. The tenant’s answer admits the making of the lease and his entry into possession and defends on the ground that the landlord consented to the subletting, and that, relying on such consent, the tenant sublet the premises.
The landlord and the tenant both testified that on July 2, 1919, they entered into a second lease for an adjoining building; and the tenant testified that prior to the making and signing of said second lease the landlord orally consented to his renting the premises herein to an under-tenant; but this testimony was stricken out on the ground that it tended to vary the terms of a written agreement. This ruling was erroneous, as the evidence was not intended to vary the terms of the written agreement, but to show waiver of the provision that the consent should be in writing, such waiver being based on a good consideration, the waiver being one of the inducing causes for the tenant taking a lease of the adjoining building from the same landlord.
“ The rule forbidding the admission of parol or *603 extrinsic evidence to alter, vary or contradict a written instrument, does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing, entered into subsequent to the time when the written instrument was executed, notwithstanding such agreement may have the effect of adding to, changing, modifying, or even altogether abrogating the contract of the parties as evidenced by the writing; for the parol evidence does not in any way deny that the original agreement of the parties was that which the writing purports to express, but merely goes to show that the parties have exercised their right to change or abrogate the same, or to make a new and independent contract.” 17 Cyc. 734, 735. See, also, Dierig v. Callahan, 35 Misc. Rep. 30; 3 McAdam Landl. & Ten. (3d ed.) 181; Stern v. Niagara Fire Ins. Co., 89 N. Y. 315. “ If the lessor has misled the lessee by holding out false hopes to him, in consequence of which the latter has changed his position to his prejudice, such acts may estop the lessor from claiming forfeiture.” McAdam Landl. & Ten. (3d ed.) 347.
Paragraph 4 of the lease confers upon the landlord no right to give notice of election to terminate the lease, or that upon subletting without the landlord’s consent in writing the lease shall terminate, but merely provides that the tenant shall not sublet under a penalty of damages and forfeiture. Nor does the other clause of the lease which provides that if default is made in any of the covenants, it shall be lawful for the landlord to re-enter the premises, mean that the lease shall terminate upon such re-entry. Both clauses merely provide for action by ejectment and for forfeiture of the lease and re-entry for breach of the covenants. Expiration of a lease means when it reaches its natural limit provided for in the lease, whether by the expiration of the term for which the *604 premises are hired or by the happening of some event which by its terms the lease provides shall terminate the lease. On such expiration of the lease the tenant could be dispossessed by summary proceedings for holding over after the expiration of the term. “ The statutory term ‘ expiration ’ does not refer to a forfeiture by breach of condition, but to the expiration of the lease by lapse of time ” (Matter of Guaranty Building Co., 52 App. Div. 140, 142, 143); or by the happening of an event as provided in the lease. See, also, Miller v. Levi, 44 N. Y. 491.
In Martin v. Crossley, 46 Misc. Rep. 254, the lease provided that the landlord might terminate and end the lease ‘' for any breach by the tenant of the terms * * * by giving a five days ’ notice in writing whereupon * * * this lease and said term * * * shall cease and end.” The court in construing the lease, said: ' ‘ The term granted by the lease was by the terms of the instrument made liable to curtailment upon a certain contingency, to wit, the giving of notice by the landlord. When that notice had been given and the term thereby curtailed, it had ‘ expired ’ so as to justify a proceeding for dispossession for holding over.” In said case the expiring of the lease did not' result from the forfeiture thereof created by the broken covenant, but upon the express limitation provided in the lease. In the instant case the lease contains no such provision. The landlord had the option either to hold defendant in damages for his breach, or by ejectment to have the forfeiture declared. There is no limit set in the lease for the expiration thereof, except the date for the expiration of the term — December 31, 1921. See Beach v. Nixon, 9 N. Y. 35; Matter of Guaranty Building Co., supra; Grosscup v. Spiller, 68 Misc. Rep. 499.
“ Where the lease provides that the estate shall| *605 cease upon the happening of the event, at the option of the landlord, the lease is not at an end until the landlord has exercised his option by enforcing a forfeiture ; and this constitutes not an expiration of the lease, but a termination, citing Kramer v. Amberg, 15 Daly, 205; * * * There is but one way in which in law she (the landlord) can manifest such election and that is by actual re-entry.” Janes v. Paddell, 67 Misc. Rep. 420. See, also, St. Stephen’s Church v. Bastine, 75 id. 470.
The final order appealed from must be reversed, with thirty dollars costs, and a final order entered dismissing the petition on the merits in favor of the tenant.
Finch and Wagner, JJ., concur.
Final order reversed, with thirty dollars costs.