ADOLPH J. SEASONGOOD, as Executor of and Trustee under the Last Will and Testament of JACOB SEASONGOOD, Deceased, and Others, Landlords, *v.* SUSAN SMITH, as Administratrix, etc., of JAMES CASSIDY, Deceased, Tenant.*

Municipal Court of the City of New York, Borough of Manhattan, Fourth District, November, 1921.

*Landlord and tenant — lease — agreement that landlord might terminate lease if premises ceased to be used for sale of liquor — condition — National Prohibition Act — re-entry by landlord necessary to terminate lease — summary proceedings not maintainable.*

SUMMARY proceeding to recover possession of real property.

*Seasongood, Bach & Eager*, for landlords.

*John C. Hoenninger* (*James E. Finegan*, of counsel), for tenant.

SPIEGELBERG, J. This is a summary proceeding to recover possession of real property. The proceeding was originally brought against the tenant James Cassidy and upon his death during the

---

* Affirmed by Appellate Term on this opinion April 18, 1922.— [REPR.

pendency of the proceeding his administratrix was substituted. The parties entered into a written lease for a term of ten years and two months beginning August 1, 1916, whereby the landlords leased to the tenant the store floor and basement at the southwest corner of Forty-eighth street and Third avenue in the borough of Manhattan.

The lease recites that the purpose for which the premises are demised is the conducting of a liquor saloon, and then follows this provision: " And that if at any time during the term hereof the party of the Second Part fails to, desists from, or for any reason ceases the conducting of the said liquor saloon on the premises herein demised it shall be optional with the Parties of the First Part without the payment of any penalty whatsoever to terminate this lease or to continue it until the end of the term hereof and that said right to terminate it may be exercised at any time by the Parties of the First Part during the remainder of the term hereof."

Several interesting questions have been raised on the proposition whether the petitioners have the right to terminate the lease in view of the National Prohibition Amendment under certain clauses of the lease. I do not deem it necessary to determine these questions for the reason that I am of the opinion that this summary proceeding is not maintainable. It is brought under Code of Civil Procedure, section 2231, subdivision 1 (now Civil Practice Act, § 1410, subd. 1). It is therein provided that a tenant may be summarily removed when he holds over and continues in possession of the demised premises or any portion thereof, after the expiration of his term, without the permission of the landlord. Has the tenant's term " expired? " The lease provides for a term of ten years from 1916. The expiration of the term must, therefore, be sought in some other clause of the lease. The landlords claim that the provision above quoted entitles them to maintain the proceeding. In this they are in error. The clause constitutes a condition and not a conditional limitation. As stated in *Beach* v. *Nixon*, 9 N. Y. 35: " The lessor upon breach is not to be in immediately of his former estate, but at his option the hiring and the relation of landlord and tenant are to cease, and are of course to continue until he shall otherwise elect."

In that case the lease provided that in case of the violation of any of the covenants " the said hiring and relation of the landlord and tenant, at the option of the party of the first part shall wholly cease and determine." In case of a breach of a condition an entry by the landlord is necessary to terminate the lease. *Miller* v. *Levi*, 44 N. Y. 489. In the *Miller* case the distinction between a condition and a conditional limitation is pointed out. There

the lease was made " with the privilege reserved to terminate the lease at the end of any year by giving sixty days previous notice, in case he should sell or desire to rebuild." The court says, at page 495: " Immediately upon sale by Miller, and notice thereof to the tenant, the limitation attached to the estate of the latter, without further act on the part of Miller. There then arose a limitation of his term, to wit, its expiration on the 1st of May following. The act itself, in the lease contemplated, to wit, a sale with notice, created the expiration. Nothing further was necessary."

It has been since the decision of those cases repeatedly held that under a provision as appears in this lease the lease continues until the expiration of the option and that the only way of exercising the option is by reentering. Assuming that there was a breach in this case it did not *ipso facto* terminate the lease. It is only where there is a provision in the lease that the term shall cease at the expiration of a given notice that the term expires. In other words, the term must expire by virtue of an agreement made between the parties and if an option is provided the parties must expressly agree how it shall be exercised. In such a case the lease expires not merely upon the exercise of the landlord's option but in accordance with the express provisions of the lease. Authorities in support of that proposition are very numerous. In *Low* v. *Thompson*, 58 Misc. Rep. 541, the termination clause was similar as in *Beach* v. *Nixon, supra*. The court said: " By the terms of the lease, therefore, the tenancy continued even after default in payment of rent until the landlord elected to take advantage of the option in the lease and terminate the tenancy by re-entry for condition broken."

In *Matter of St. Stephen's Church* v. *Bastine*, 75 Misc. Rep. 470, under a similar clause the court, after stating that until the landlord had exercised his right to re-enter, the lease was not at an end, pointed out that the landlord could not claim an expiration of the lease upon the ground that he had given a notice of his option to terminate. The court said: " Under no construction of the lease has the landlord a right to terminate it by notice. The sole right which he has under the clause of the lease relied upon is to take advantage, at his option, of the breach of condition in order to re-enter. Until he has taken advantage of this breach, the lease is still in existence; and no notice from him that he will exercise a right to terminate it can be effective."

In this case there is no limit set in the lease for the expiration thereof except the date for the expiration of the term (*Harris* v. *Goldberg*, 111 Misc. Rep. 600), nor is there a provision that upon the giving of a notice the lease shall terminate. *Cochran* v.

*Anderson,* 111 Misc. Rep. 632. *Martin* v. *Crossley,* 46 Misc. Rep. 254, is frequently referred to as emphasizing the difference between a condition and a conditional limitation. In that case the lease contained a clause which read in substance that the landlord may terminate the lease for any breach by the tenant of the terms thereof by giving a five days notice in writing, whereupon " this lease and said term and interest and all right and claim under this lease shall cease and end." It was held that it was the notice and not the breach which operated upon the lease. Covenants which give the landlord the right to terminate the lease upon the lessee's breach are such where the lessor might or might not take advantage of the breach and declare the lease at an end, but the lease in such a case is not terminated by the breach itself. Referring to the facts of the case therein appearing, the court says: " One conclusion is that the term granted by the lease was by the terms of the instrument made liable to curtailment upon a certain contingency, to wit: the giving of notice by the landlord, and that when that notice had been given, and the term thereby curtailed, it had 'expired' so as to justify a proceeding for dispossession for holding over."

To the same effect was *Grosscup* v. *Spiller,* 68 Misc. Rep. 499, and *Barney Estate Co.* v. *Palmer & Singer Mfg. Co.,* Id. 501. The question under consideration was exhaustively treated in *Janes* v. *Paddell,* 67 Misc. Rep. 420. At page 423 the court summarizes its views as follows: " Where the lease provides that the estate shall cease and determine upon the happening of the event, at the option of the landlord, the lease is not at an end until the landlord has exercised his option by enforcing a forfeiture; and this constitutes not an expiration of the lease, but a termination. *Kramer* v. *Amberg,* 15 Daly, 205. On the other hand, when the claim is based not ' upon the forfeiture created by the broken covenant, but upon the express limitation annexed to the covenant in the lease that when the breach occurred and *the landlord gave notice electing to terminate the lease* the term should cease absolutely at the expiration of the term fixed by the notice,' then the lease ceases and expires from that time. *Cottle* v. *Sullivan,* 8 Misc. Rep. 184."

It is apparent that in this case there was no expiration of the term within the authorities quoted. The landlords' remedy, if any they have, is by re-entry and an action in ejectment.

In conclusion it may be pointed out that in case of a sale of the premises the lease does provide for an expiration of the term upon giving notice to the tenant. This has some significance as to the intention of the parties to be gathered from the instrument itself, that in case the premises be used for other purposes than a liquor

saloon the term shall not expire but be terminable only upon the option of the landlord by re-entry.

The court has no jurisdiction to entertain the petition and accordingly final order will be entered in favor of the tenant dismissing the petition.

Ordered accordingly.