89–09 Sutphin Corp., Landlord, Respondent, *v.* " Joseph " Scarinzi, Tenant, Appellant, and "John Doe", Undertenant.

Supreme Court, Appellate Term, Second Department, October 3, 1946.

*Francis A. McGrath* for respondent.

MEMORANDUM *Per Curiam.* The landlord did not terminate the tenancy by any notice. Summary proceedings, therefore, could not be instituted (Civ. Prac. Act, § 1410).

No new ground for summary proceedings is created by subdivision (b) of section 8 of chapter 314 of the Laws of 1945. Before the statute, a landlord was required to establish a contractual right to terminate the tenancy for a breach (*Michaels* v. *Fishel,* 169 N. Y. 381, 389) and was obliged to exercise that right before instituting summary proceedings. (*Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.,* 132 Misc. 435; *Janes* v. *Paddell,* 67 Misc. 420). Subdivision (b) of section 8 simply lifts the ban against summary proceedings by a landlord having a contractual right to terminate a lease for a breach, and who has terminated it, provided there was continuance after notice of a breach of a substantial obligation.

The final order should be unanimously reversed on the law, with $30 costs to tenant, and proceedings dismissed.

MacCRATE, SMITH and FENNELLY, JJ., concur.

**Order reversed, etc.**