FLORENCE C. STITT, Landlord, Respondent, *v.* MARVIN RUBIN, Tenant, Appellant, and HARRY RUBIN et al., Undertenants, Appellants.

Supreme Court, Appellate Term, Second Department, October 25, 1951.

*Charles H. Fier* for tenant, appellant.

*Louis M. Bornstein* for respondent.

*Per Curiam.* This summary proceeding was instituted by the landlord on the theory that the tenant's lease expired by limitation. The pertinent provision of the lease is as follows: "This lease is granted upon the express condition, however, that in case the landlord, his agents or assigns deems objectionable or improper any conduct on the part of the tenant or occupants, the landlord, his agents or assigns, shall have full license and authority to re-enter, and have full possession of said premises, either with or without legal process, on giving 30 days' previous notice of intention so to do, and tendering repayment of the rent paid on account of the unexpired term demised; and upon the expiration of said notice and tender of payment made as aforesaid, the landlord, his agents or assigns, shall be entitled to the immediate possession thereof; and in consideration of the above letting the tenant consents that the landlord, his agents or assigns, shall not be liable to prosecution or damages for so resuming possession of said premises."

This clause does not provide that the lease shall terminate upon the giving of thirty days' notice. Under the terms of the

lease, the landlord is authorized to re-enter upon the expiration of the notice prescribed. The giving of such notice is preliminary merely to the landlord's right to re-enter, and the tenancy is not terminated until re-entry is made by the landlord. Accordingly the lease creates a condition subsequent and not a conditional limitation so as to permit summary proceedings. (*Riesenfeld, Inc., v. R-W Realty Co.*, 223 App. Div. 140; *6th Ave. & 24th St. Corp.* v. *Lyon*, 193 Misc. 186, affd. 275 App. Div. 651; *Grosscup* v. *Spiller*, 68 Misc. 499; Niles, " Conditional Limitations in Leases in New York," 11 N. Y. U. L. Rev. 15.)

The final order should be unanimously reversed upon the law, with $30 costs to tenant, and final order directed in favor of tenant, dismissing the landlord's petition, with appropriate costs in the court below.

FENNELLY, WALSH and BELDOCK, JJ., concur.

Final order reversed, etc.