Jesus Varela, Landlord, Respondent, *v.* Ben Miller, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, March 5, 1953.

*Albert H. Socolov* for appellant.

*Joseph F. Minutolo* for respondent.

Hofstadter, J. But for the question of jurisdiction raised for the first time on appeal, this case would require no formal expression of the view of the majority of the court. The finding below that the tenant violated a substantial obligation of the lease which he failed to cure after proper written notice and created a nuisance which he permitted to continue is amply sup-

ported by the evidence. The petition in the summary proceeding adequately alleged the foregoing as the grounds on which possession of the demised premises was sought. On the trial the tenant did not challenge the sufficiency of the petition or the court's jurisdiction to entertain the proceeding. The issue — the only issue raised — whether the tenant had violated a sub-stantial obligation of his tenancy or had permitted the continuance of a nuisance was tried and decided on the merits.

It is obvious that the case stated in the petition was one which, if established, justifies a final order in the landlord's favor. That was enough to give the court jurisdiction of the subject matter. If the tenant chose to go to trial on the issue so tendered by the petition and failed to avail himself of the objection that the petition did not set forth the conditional limitation of the lease and its proper exercise — assuming this to be a tenable objection — the court did not thereby lose jurisdiction of the proceeding and it is too late to invoke the objection now on appeal.

We are naturally averse to disturbing a sound result reached by the court below merely because of a supposed defect in pleading — ignored by everyone on the trial had. Our aversion persists even in a summary proceeding because we are mindful of the authoritative expressions in controlling decisions that in the existing emergency, when necessary to effect a just result, we may discard conventional but unrealistic concepts of the landlord-tenant relationship, particularly in a statutory tenancy which rests upon the grace of legislative enactment and not on the agreement of the parties.

There is, in any event, a complete answer to the present argument founded on the conditional limitation. A conditional limitation is a provision embodied in a lease to give the landlord added protection by enabling him to end the term before its natural expiration date. In this case the term has already run its full course and the tenant is in possession as a statutory tenant. In that situation the conditional limitation has spent its force and there can no longer be any need to resort to it. If, after the expiration of the term under a lease containing a conditional limitation, a landlord must comply with the conditional limitation provision before he can bring a summary proceeding for the removal of a statutory tenant, he is worse off than a landlord similarly situated but for the absence of a conditional limitation in the expired lease. Thus, the conditional limitation, conceived to give the landlord under a still current lease greater rights, places him at a disadvantage. In my judgment, the con-

ditional limitation becomes inapplicable when the landlord seeks to remove a statutory tenant for a violation of a substantial obligation of the tenancy. Insofar as *89–09 Sutphin Corp.* v. *Scarinzi* (187 Misc. 537) is to the contrary, we must decline to follow it.

The final order should be affirmed, with $25 costs.

EDER, J. (dissenting). On this appeal from final order in favor of landlord, based on a violation of substantial obligations of his lease, I do not concur in the affirmance of said final order, which decides that the landlord is entitled to possession " by reason of the expiration of the tenant's term."

Section 1415 of the Civil Practice Act provides: " *Contents of petition.* The applicant *must* present to the judge or justice a written petition verified in like manner as a verified complaint in an action, describing the premises of which the possession is claimed and the interest therein of the petitioner or the person whom he represents, *stating the facts which, according to the provisions of this article, authorize the application by the petitioner and the removal of the person in possession* ". (Italics supplied.)

No such facts are pleaded here, and issuance of the precept was unauthorized.

More than two years prior to this proceeding the term of the lease had expired and the tenant continued in possession as a statutory tenant, paying the rent to which the landlord was entitled, as prescribed by the statute; and he has continued in possession under the statutory tenancy subject to the covenants of the expired lease projected into that term.

Although the lease contains a conditional limitation authorizing dispossession for breach of the covenants, neither the limitation nor the notice provided for therein is pleaded. The petition does plead service of the thirty-day notice prescribed for the termination of monthly tenancies in the city of New York. However this tenant was not a monthly tenant; his was a statutory tenancy (*Whitmarsh* v. *Farnell*, 298 N. Y. 336), and service of that notice was ineffective. It follows that the statutory term — " so long as the tenant pays the rent " — has not expired.

The decision in this case is a departure from prior decisions of this court (*Burnee Corp.* v. *Uneeda Pure Orange Drink Co.*, 132 Misc. 435; *Janes* v. *Paddell*, 67 Misc. 420; *Blum* v. *Lewis*, 192 Misc. 949). In his opinion in the *Janes* case, LEHMAN, J., says (p. 424): " The landlord claims that she is permitted to

exercise this option, without notice, by bringing these proceedings. *The fallacy of the argument is apparent, when we consider that this proceeding can be brought only upon allegation and proof that the term has expired*; and such an allegation is impossible, if the lease continues until the minute when the proceedings are begun. To base proceedings upon the expiration of a lease, the landlord must be able to point to some moment previous to the bringing of the proceedings at which the lease has expired.'' (Italics supplied.)

There is neither allegation nor proof here that the statutory term has expired.

The effect of the emergency statute, in respect to breach of substantial obligations of tenants, upon summary proceedings, is thus succinctly stated by the Appellate Term, second department (*89–09 Sutphin Corp.* v. *Scarinzi,* 187 Misc. 536, at p. 537): '' No new ground for summary proceedings is created by subdivision (b) of section 8 of chapter 314 of the Laws of 1945. Before the statute, a landlord was required to establish a contractural right to terminate the tenancy for a breach (*Michaels* v. *Fishel,* 169 N. Y. 381, 389) and was obliged to exercise that right before instituting summary proceedings. (*Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.,* 132 Misc. 435; *Janes* v. *Paddell,* 67 Misc. 420). Subdivision (b) of section 8 simply lifts the ban against summary proceedings by a landlord having a contractual right to terminate a lease for a breach, and who has terminated it, provided there was continuance after notice of a breach of a substantial obligation.''

By chapter 416 of the Laws of 1952, effective April 3, 1952, subdivision (*l*) of section 8 of the Commercial Rent Law was amended as follows: '' Any person entitled to possession of real property or any part thereof under any of the provisions of this section, shall be entitled to maintain and prosecute summary proceedings pursuant to article eighty-three of the civil practice act in order to obtain such possession.''

Clearly this proceeding was not brought '' pursuant to article eighty-three of the civil practice act '' — the summary statute.

In McKinney's Session Law Service of New York (L. 1952, p. A-199, par. 7), we find the following reference to the above amendment: '' To overcome still another court decision (Consolidated Service Stations, Inc. v. Cities Service Oil Co., 1951, 279 App. Div. 592, 107 N. Y. S. 2d 335), a new paragraph is recommended for addition to the eviction section of both of the emergency laws, which is intended to settle the right of a ' landlord ', as defined in both laws, or his successor, or to one

entitled to possession, to invoke the statute for summary proceedings after proving his right to possession. In the case cited, it was held by the court that a lessee of an entire building, under a 21-year lease, seeking possession for his immediate personal use was not entitled to maintain summary proceedings but was limited to an action in ejectment, under § 8, (d), (2) of both statutes.''

It thus appears the object of the amendment was to obviate the objection based on the absence of the conventional relation of landlord and tenant in these proceedings.

It will be noted that the above amendment was made to both the commercial and business emergency statutes; the housing emergency statute is not affected by the amendment.

The final order should be vacated, with $30 costs, and the petition dismissed, with costs, without prejudice to a new proceeding.

HAMMER, J., concurs with HOFSTADTER, J.; EDER, J., dissents in opinion.

Final order affirmed.