OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and landlord’s motion for summary judgment is denied.
In this holdover summary proceeding, the petition alleges that landlord, a cooperative corporation, terminated tenant’s proprietary lease on the ground that tenant had breached the lease by subletting the subject apartment without landlord’s prior written permission. Tenant’s answer asserts, among other *27 things, that landlord’s board of directors had illegally adopted a resolution that had amended the sublet provisions in the proprietary lease, and that, in any event, landlord had waived any such provisions with regard to tenant.
Landlord moved for summary judgment, alleging that its board of directors had adopted a resolution drastically changing the previously permissive sublet policy (board resolution), and that tenant had unsuccessfully challenged the new policy in Supreme Court, thereby foreclosing tenant from challenging the policy in this proceeding. Landlord based its motion for summary judgment on the board resolution, which stated in part that the board of directors would not consider an application from a shareholder to sublet his apartment unless the shareholder had lived in the apartment for three years prior to the proposed sublease. It is undisputed that tenant had not lived in his apartment for more than 10 years, a fact which, landlord argued, was dispositive of the entire proceeding. Landlord argued that tenant could not possibly comply with the new policy, warranting an order granting landlord judgment as a matter of law. The City Court granted landlord’s motion. We reverse the order and deny landlord’s motion.
In order to be entitled to summary judgment in this holdover proceeding (RPAPL 711 [1]), it was incumbent upon landlord to establish that there was a lease, that there was a conditional limitation in the lease providing for its early termination on the ground alleged by landlord (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; Baumeister v Casieri, 32 Misc 2d 654 [App Term, 1st Dept 1961]; 89-09 Sutphin Corp. v Scarinzi, 187 Misc 536 [App Term, 2d Dept 1946]; see also Dass-Gonzalez v Peterson, 258 AD2d 298 [1999]), that tenant had breached the lease by committing the acts alleged by landlord, and that landlord had followed the procedures set forth in the lease for terminating the lease. Landlord satisfied virtually none of these requirements, as it failed to demonstrate that the document it submitted to the court was, in fact, the proprietary lease in effect between landlord and its shareholders. Neither in the petition, which was verified by landlord’s attorney, nor in the affirmation submitted by landlord’s attorney in support of landlord’s summary judgment motion, did counsel show that he had personal knowledge of the facts. Thus, counsel’s statement in his affirmation that the exhibit was “a true and accurate copy of the Lease” was insufficient. This is especially true in light of proof *28 submitted by tenant that the version of the lease submitted by landlord’s attorney did not contain language that had been adopted at a meeting of the shareholders, and therefore was not the lease in effect between landlord and its shareholders. In addition, landlord failed to establish, by sworn averments made on personal knowledge, that it had terminated the lease in accordance with its provisions. Accordingly, landlord failed to demonstrate its entitlement to judgment as a matter of law.
In any event, the proprietary lease submitted by landlord in support of its motion required that any sublease be approved by the board of directors or the shareholders, and landlord did not affirmatively establish, in support of its motion, that the sublease in place at the time of tenant’s alleged breach had not been approved. Landlord’s attorney’s allegation that tenant had renewed the sublease every year for 10 years without permission was not sufficient, because, as noted above, counsel did not show that he had personal knowledge of the facts of the case. Even if this court were to infer that the board of directors would not have approved the sublease after the adoption of the board resolution, landlord failed to establish, by competent proof, that the sublease had been entered into or renewed by tenant and his subtenant during that period. Accordingly, even assuming tenant was bound by the proprietary lease as submitted by landlord, landlord failed to establish that tenant had actually breached the proprietary lease by entering into a sublease without landlord’s written consent.
In view of the foregoing, the order is reversed and landlord’s motion for summary judgment is denied.
Nicolai, EJ., Iannacci and LaSalle, JJ., concur.