OPINION OF THE COURT
Per Curiam.
Order, dated January 30, 2014, affirmed, with $10 costs.
We agree, essentially for reasons stated by Civil Court, that the lease clause at issue, authorizing petitioner landlord, as a successor owner, to “terminate” the governing commercial lease agreement upon 90 days’ notice in the event it “plans to develop a new building,” constituted a conditional limitation (see TSS-Seedman’s, Inc. v Elota Realty Co., 72 NY2d 1024 [1988]; Miller v Levi, 44 NY 489 [1871]; see also 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 23:27, 23:28 [4th ed]), so as to permit resort to an RPAPL article 7 eviction proceeding (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]). The lease terminated by its terms 90 days after the notice was given {see Matter of Lonas v Silver, 201 App Div 383, 386 [1922]) and “after the expiration of said ninety days’ period, the tenant held over after expiration of [its] term, and summary proceedings were properly invoked for [its] removal” (Matter of 507 Madison Ave. Realty Co., Inc. v Martin, 200 App Div 146, 150 [1922]). As one commentator has explained:
“[I]n this type of conditional limitation it is not the volition of the landlord which effects the expiration. It is the occurrence of an event. The notice — the volitional element — is not an essential element of the limitation, but it is given only because the parties have agreed for their mutual convenience to make it a part of the event. In other words the limitation here is the occurrence of an event [viz., the sale of the property accompanied by ‘plans to develop a new building’] with notice of its occurrence. The lease thereupon expires independently of the landlord’s volition. The only part the landlord’s volition plays in this situation is to start the stipulated contingency going which will limit the term to a premature expiration” (2 Rasch’s, supra § 23:27).
In the absence of a contrary argument by landlord, we have assumed for purposes of this appeal that any questions relating to the status of the disputed lease provision as a conditional limitation were sufficiently “jurisdictional” in nature to allow tenant to raise the issue for the first time in its vacatur motion *78 filed after issuance of the unappealed, adverse final judgment (cf. Varela v Miller, 204 Misc 88, 89 [App Term, 1st Dept 1953, Hofstadter, J.]; see also Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220 [2013]).
Schoenfeld, J.P., Shulman and Ling-Cohan, JJ., concur.