530 Manhattan Ave. Hous. Dev. Fund Corp. v Situ

2026 NY Slip Op 50615(U)

April 30, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Condominiums and Cooperatives—Proprietary Lease--Landlord's Failure to Serve Notice of Default Prior to Serving Notice of Termination

530 Manhattan Avenue Housing Development Fund Corporation, Petitioner-Landlord-Appellant,

v

John Situ and Hui Hua Situ, Respondents-Tenants-Respondents.

Supreme Court, Appellate Term, First Department

Decided on April 30, 2026

571463/25

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated April 4, 2024, which denied its motion for summary judgment on the petition and granted tenants' cross-motion to dismiss the petition in a holdover summary proceeding.

[*1]

Per Curiam.

Order (Tracy Ferdinand, J.), dated April 4, 2024, affirmed, with $10 costs.

We agree that article 7.01 of the governing proprietary lease agreement, dealing with landlord's right to invoke a conditional limitation of the lease, required service of a 30-day notice of default followed by a 5-day notice of termination for the type of default alleged herein (7.01 [e]). Since landlord did not serve a notice of default prior to serving the notice of termination, the conditional limitation was not properly invoked and therefore, this summary proceeding was properly dismissed (see TSS-Seedman's, Inc. v Elota Realty Co., 72 NY2d 1024 [1988]; Miller v Levi, 44 NY 489 [1871]; see also 2 Robert F. Dolan, Rasch's Landlord and Tenant Including Summary Proceedings §23:27, 23:28 [4th ed]; Perrotta v Western Regional Off-Tack Betting Corp., 98 AD2d 1 [1983]; Nordica Soho LLC v Emilia, Inc., 44 Misc 3d 76, 2014 NY Slip Op 24141 [App Term, 1st Dept 2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 30, 2026