In the matter of the application of CHARLES G. MILLER, landlord, Respondent, v. EMANUEL LEVI, tenant, Appellant.

A provision in a lease that the lessor may "terminate the lease at the end of any year, by giving sixty days previous notice, in case he should sell or desire to rebuild," is not a condition, but a limitation, and the term expires by force of a sale and notice, in sixty days thereafter, without any further act on the part of the lessor.

If the tenant retains possession, after the sixty days elapse, this is such a case of holding over after the expiration of the term, within the provisions of the Revised Statutes, as will give jurisdiction in summary proceedings for his removal.

A sale, conditioned upon delivery of possession to the vendee, the legal title not having actually passed from the landlord, does not terminate the relation of landlord and tenant, so that proceedings cannot be had in the name of the original lessor.

(Argued for the respondent, January 13; decided, May 6, 1871.)

APPEAL from an order of the General Term of the Superior Court of Buffalo, affirming, upon certiorari, proceedings for the removal of a tenant, had before the County Judge of Erie county.

This proceeding was instituted by a landlord against his tenant, before the county judge of Erie county, to recover the

possession of certain demised premises, situate in the city of Buffalo, under the provisions of the Revised Statutes, in case of a tenant holding over after the expiration of his term.

The affidavit of the landlord, upon which the summons was issued, set forth that, on the thirtieth of April, 1862, Miller leased to Levi premises known as number 184 Main street, in Buffalo, for the term of four years, beginning on the first day of May, 1862, and ending on the first day of May, 1866, at the yearly rent of $775, "with the privilege reserved to terminate the lease at the end of any year by giving sixty days previous notice, in case he should sell or desire to rebuild."

That he sold the premises to Black & Alexander, January 15, 1864. That on the twelfth of February, 1864, he gave notice to Levi that he had sold the premises and should terminate the lease on the first day of May, 1864, pursuant to the right so reserved in the lease.

That Levi held over and continued in the possession of the premises without his permission.

This affidavit was made and presented May 2, 1864, upon which the county judge issued a summons directed to Levi, reciting the facts stated, requiring Levi forthwith to remove from the premises, or show cause before him on the same day at 12 o'clock M.

The summons was served and Levi appeared and objected to the jurisdiction of the county judge, which was overruled.

He then filed his affidavit of traverse, wherein he admitted that he was in the possession of the premises, but denied that Miller had sold them, as averred, and that he held over after the expiration of his term, and that Miller was entitled to the possession, and he also denied the jurisdiction. He made no denial of the terms of his tenancy, as stated in the affidavit of the landlord.

Thereupon a jury was summoned and a trial of the issues was had before them, who, after hearing the proofs and allegations of the parties, found a verdict that the landlord was entitled to the possession of the premises.

The county judge issued a warrant for the possession of the premises, which was duly executed.

Levi then sued out a writ of certiorari, by which the proceedings were removed to the Superior Court of Buffalo.

The evidence returned by the county judge, among other things, contains the agreement to sell the premises by Miller, the landlord, to Black & Alexander, dated January 5, 1864, for the sum of $20,000, and to convey the same on demand of Black & Alexander, as soon after the 1st of May, 1864, as Miller can obtain possession, and they shall execute a mortgage on the premises to pay that amount in three years thereafter, with a bond to pay the interest thereon semi-annually, together with the taxes and assessments on the property.

It also appears from the return that a deed, from Miller and wife to Black & Alexander of the premises, was duly executed, dated January 15, 1864, and acknowledged April 13, 1864, ready to be delivered, but that Black & Alexander declined to execute the bond and mortgage until they were put in possession.

The Superior Court at General Term affirmed the proceedings, and thereupon the tenant appealed to the Court of Appeals.

*Houghton and Matteson,* for the appellant.

*A. P. Laning,* for the respondent.

GRAY, C. One of the express terms of the lease, under which Levi entered, reserved to Miller the right to sell the demised premises, and to limit Levi's term therein to the expiration of sixty days after notice of the sale. The sale and notice, as specified in the lease, were thus made the condition by which Levi's term in the premises was limited to the lapse of sixty days from the sale and notice. The only issue taken by Levi was upon the allegation contained in the affidavit of his landlord, that he had sold the demised premises. The jury found this issue against him, and the county judge thereupon

held that, the condition by which the lease had terminated having been found against him, Miller, the landlord, was entitled to a warrant to dispossess him, and issued it accordingly. In this no error was committed, and hence the judgment appealed from should be affirmed.

Hunt, C. We are not at liberty to inquire into the question of the weight of evidence. The plaintiff gave evidence of a sale of the premises to Alexander & Black. The defendant proved various matters, tending to show that the sale was a sham, a device to get rid of an existing lease, that the plaintiff might receive a higher rent. The jury considered the evidence, and found in favor of the theory that there was a sale. If the General Term had reversed this finding of fact, the case would have been open to our consideration on that point. (*Freeman* v. *Ogden*, 40 N. Y., 105.)

Where the General Term, as in the present instance, concur with the court trying the cause, as to the facts, the determination is conclusive upon us; we are to accept the facts as there found. (*Id.*)

There is no foundation for the objection that the relation of landlord and tenant did not exist. That relation was established by the express agreement of the parties in writing. The plaintiff remained the owner of the premises. Although he had made a contract of sale with Alexander & Black, the sale had not been consummated by the delivery of the deed. Indeed, the sale was conditioned upon the delivery of possession, and the vendees refused to accept the deed or to execute their mortgage, until the possession of the premises was delivered to them. Some of the cases intimate that, on the occurrence of a sale, this relation exists between the tenant and the purchaser, and that proceedings under this act may be instituted by the latter. None of them, however, intimate that the proceeding may not be taken in the name of the original lessor, he still retaining the legal title. (*Gardner* v. *Ketteltas*, 3 Hill, 330; *Birdsall* v. *Phillips*, 17 Wend., 464.)

The objection was made before the justice, and is insisted upon now, that the justice had no jurisdiction of the proceeding. This was based upon the argument that this special proceeding can only be resorted to where the term of the lessee "has expired by lapse of time," which it was said was not the fact in the present instance. The proceeding is undoubtedly a special one, and the facts necessary to give jurisdiction must appear in the affidavit. If the justice assume jurisdiction when he has it not, his judgment will be vacated. (*Benjamin* v. *Benjamin*, 1 Seld., 383; *Nixon* v. *Beach*, imp'd, 5 Seld., 35.) Thus the breach of a condition that the lessee will not permit the premises to be used for a purpose deemed extra hazardous, and that, in case of such use, the lease shall cease and determine at the option of the lessor, and that he may, thereupon, recover immediate possession under the statute in question, is not such an expiration of the term as will authorize the present proceeding. (*Beach* v. *Nixon*, 5 Seld., 35.) So the breach of an agreement to cut no wood or timber, except for fencing, and not to carry off any wood or timber, does not create such an expiration of the term as will authorize a summary proceeding under the statute we are considering. (*Oakley* v. *Schoonmaker*, 15 Wend., 226.) In these and a large class of cases where a party retains possession without right, the common law remedies must be resorted to, to obtain redress.

The statute limits and defines the precise cases in which this proceeding may be taken. (2 R. S., 513, § 28, sub. 1.) "Where such person (tenant or lessee at will, etc.) shall hold over and continue in possession of the demised premises, *after the expiration of his term*, without the permission of the landlord." 2. Where there is such holding over after default in payment of the rent and demand made. The other cases are not necessary to be mentioned, as the question here arises under the first subdivision, of which I have given the language.

In the cases referred to, of *Beach* v. *Nixon* and *Oakley* v. *Schoonmaker*, the covenants broken formed conditions in the lease, but were not conditional limitations. If broken, the

lessor might thereupon take advantage of the breach and declare the lease at an end. The breach did not, however, *ipso facto* terminate the lease. There was, therefore, no limitation of the lease necessarily dependent upon the breach of the condition. The distinction is thus pointedly taken by JOHNSON, J., in the first of those cases " The provision of the lease creates a condition merely and not a conditional limitation. The lessor, upon breach, is not to be in immediately of his former estate, but, at his option, the hiring and the relation of landlord and tenant are to cease, and are, of course, to continue until he shall otherwise elect."

This distinction in estates granted by deed is thus illustrated in Crabb on Real Property, §§ 2135, 2136; 55 Law Library, 524: " When an estate is so limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, this is denominated a limitation, as when land is granted to a man so long as he is parson of Dale, or so long as he continues unmarried, or the like. In such case the estate determines as soon as the contingency happens, that is, when he ceases to be parson of Dale, or marries. On the other hand, where the estate is expressly granted upon condition in deed, as to be void upon payment of £40 by the grantor, * * or that the grantor goes to York, etc., the law permits it to endure beyond the time of the contingency happening, unless the grantor take advantage of the breach of condition by making entry, etc." " In Mary Partington's case, my lord COKE says, if there be express words of condition annexed to the estate, it cannot be construed to be a condition; but this has been denied to be law, ' there being no other authority for the position;' for though strict words of condition be used, if on breach of condition the estate be limited over to a third person and does not immediately revert to the grantor, as if an estate be limited to B, on condition that within two years he intermarry with C, and on failure then to D and his heirs, this the law construes to be a limitation, and not a condition; for if a condition, only A or his representatives could avoid the estate

by entry, and so D's remainder might be defeated by their neglecting to enter; but when it is a limitation, the estate of B determines, and that of C commences, and he may enter on the lands immediately, without any act, as entry or claim." (See, also, *Bennett* v. *Robinson*, 10 Wend., 358; *Stearns* v. *Godfrey*, 16 Maine, 160.)

Immediately upon sale by Miller, and notice thereof to the tenant, the limitation attached to the estate of the latter, without further act on the part of Miller. There then arose a limitation of his term, to wit, its expiration on the 1st of May following. The act itself, in the lease contemplated, to wit, a sale with notice, created the expiration. Nothing further was necessary. In the case of cutting timber, or in that of using a building for an extra-hazardous purpose, the act, although a breach of a condition, did not terminate the estate. An entry, or its equivalent, was also necessary. They were cases of conditions merely, while the case before us is that of a conditional limitation. The "term" of the lease must, therefore, be taken to have "expired" on the 1st of May, 1864. The proceedings were authorized by the statute, and judgment must be affirmed.

All concur.

Order affirmed, with costs.