(39 Misc. Rep. 347.)

RONGINSKY v. GRANTZ et al.

(Supreme Court, Appellate Term. November, 1902.)

1. LEASE—CONSTRUCTION—SALE OF PREMISES.

A lease executed May 1, 1902, provided that, if the lessor sold before the expiration of the first year, the tenant should surrender the premises on receiving three months' notice and three months' rent. *Held* a limitation of the term, ending the lease as soon as the lessor sold the premises and notified the tenant and paid the sum fixed.

2. SAME—TERMINATION—SUMMARY PROCESS.

Where a lease provided for its termination by sale of the premises on notice of three months and tender of a fixed sum, and the grantee of the lessor gives notice of the sale to the tenants on May 1st, and tenders them on August 1st the payment provided for, the term ends forthwith, and the tenants are thereafter holding over without the permission of the landlord within the meaning of the statute relating to a summary process.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Pincus Ronginsky against Frank Grantz and Annie Grantz. From an order in favor of plaintiff in summary proceedings to recover possession, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Joseph Wilkenfeld, for appellants.

Manheim & Manheim, for respondent.

MacLEAN, J. About the 7th day of March, 1902, one Barkley let certain premises to the appellants for the term of two years from May 1, 1902, the lease providing that, if the lessor sold the premises before the expiration of the first year of the lease, the tenant should vacate and surrender the premises "on receiving a three-months' notice and the equivalent of three months' rent." Barkley conveyed the premises to one Meyer, and served, on May 1st, a notice upon the tenants that he had sold the property, and that possession would be required on the 1st of August, on which day the equivalent of three months' rent would be paid the tenants. Meyer sold to Ronginsky, who collected the rents for May, June, and July. On July 31st, as he testified, the landlord asked the tenants to surrender, and offered them $250, the equivalent of three months' rent. Both refused to take the money and to give up the premises. On August 1st, according to the landlord, the same thing occurred again. The tenants wanted $1,000. "By consent the jury were discharged by the court, there being no question of fact for them to pass upon." As noted above,

the final order was in favor of the landlord. It is contended here that, under the statute, summary proceedings were not maintainable to remove the tenants, because the lease had not expired by its own limitations or by words of the demise, but was attempted to be ended by the volition of the landlord. This is not tenable. In the case of Miller v. Levi, the lease to Levi was "with the privilege reserved to terminate the lease at the end of every year, by giving sixty days' previous notice, in case the landlord should desire to sell or rebuild." Objection was made before the county judge of Erie, and insisted upon before the commission of appeals, that the judge had no jurisdiction because this special proceeding can be resorted to only where the term of the lessee has expired by lapse of time. The court of last resort held (44 N. Y. 489, 495) that the provision was not a condition, but a limitation, and that the term expired by force of the sale and notice in 60 days thereafter without any further act of the lessor. This ruling is applicable to the case at bar. If it be urged that in the case at bar actual payment of the equivalent of three months' rent is one of the acts contemplated in the lease to create its expiration, it is enough to reply that, when the tenants refused its proffer, they eliminated the payment from the incidents essential to the termination of the lease. Having been proffered on due occasion, it had not to be tendered again or paid into court. Whether the sum can be recovered as a debt is not here under consideration. This last observation also meets the points, severally raised for the tenants, that the municipal court has no power to enforce a covenant for the surrender of a lease, nor to compel both parties to keep their covenants, and that there is no way by which the court can see to it that the tenants receive the $250. The conduct of the tenants has made a consideration of these unnecessary. The final order appealed from is affirmed, with costs to the respondent.

Final order affirmed, with costs to respondent. All concur.