(118 App. Div. 244)

SCHREIBER v. ELKIN.

(Supreme Court, Appellate Division, First Department. March 15, 1907.)

SPECIFIC PERFORMANCE—CONTRACT TO SELL LAND—INABILITY OF VENDOR TO PERFORM.

In an action against a vendor for specific performance of a contract to sell real estate, evidence *held* insufficient to show that defendant was in good faith unable to comply with the contract.

Patterson, P. J., and Ingraham, J., dissenting.

Appeal from Special Term.

Action by Isaac Schreiber against Julia Elkin. Judgment for plaintiff, and he appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Charles Strauss, for appellant.

Stillman F. Kneeland, for respondent.

SCOTT, J. Plaintiff sues for specific performance by a vendor of a contract for the sale of real estate, or for compensatory damages, which upon the trial were stipulated to be $4,000. The court awarded plaintiff a judgment for the amount paid down on the contract, and the expense of examining the title, and from this judgment plaintiff appeals.

The sole question in the case is whether the evidence justified the finding that defendant was in good faith unable to comply with the contract. If it does not, the plaintiff is entitled either to performance or to compensatory damages. The contract provided that the property should be conveyed free of all incumbrances, except some specifically stated, and also free from all orders of the tenement house department up to the date of the contract, as to which, if there were any, the vendor agreed that she would cause them to be satisfied and removed. It appeared, upon an examination of the title, that, in addition to the specified incumbrances, the property was incumbered by a lease held by one Weinstein, and that there were a number of tenement house orders against the property, none of which were serious, or of such a nature that they could not have been complied with at comparatively small expense. The vendee refused to take the title incumbered by the lease and the violation orders, and insisted that it was the vendor's duty to clear the title in these respects. The vendor did not clear it, and, so far as appears, made no effort to do so, and the question is whether or not she acted in good faith in this regard.

The lease, dated on March 25, 1904, was for the term of five years from April 1, 1904, but contained a clause to the effect that, in the event of any sale of the aforesaid premises and on payment to the lessees of a sum specified in another clause, they would execute and deliver to the landlord a properly acknowledged surrender of lease, granting and conveying unto the landlord any unexpired term of the lease. This clause seems to have established a conditional limitation of the term, so as to put it within the power of the vendor to terminate the lease if she had seen fit to do so. Miller v. Levi, 44 N. Y. 489. In point of fact the tenant on the day first fixed for closing the contract, and again on the trial, offered to surrender the lease, and it appears that before the trial took place the vendor had actually ousted him. The landlord held $500 deposited by the tenant as security for his fulfillment of the covenants of the lease, and it was therein provided that, if the landlord should sell the premises during the first year of the lessee's term (as she would have done if she had completed her contract with plaintiff), the tenant should receive an indemnity of $600. The date first fixed for the completion of the contract was December 20, 1904, when there attended at the place agreed upon the vendor and the vendee and their attorneys, the vendor's husband, and Weinstein, the tenant. The vendee made tender of performance, but demanded that the lease and the violation orders be removed. The tenant offered to surrender the lease, but a discussion arose as to the violations; the vendor claiming that it was the duty of the tenant to remove them. The tenant, apparently recognizing this obligation, offered to leave in the landlord's hands, to secure the removal, the sum of $300, in addition to the $500 then on deposit with her. This offer does not seem to have been satisfactory to the vendor, and an adjournment was had until December 27th, with a view of having the title cleared up, but, when that day arrived, nothing had been done by the vendor, and, so far as appears, no effort had been made by her to do anything towards removing the incumbrances. The vendor of-

fered to allow the vendee, out of the purchase money, $500, the amount deposited by the tenant as security, and $600, the amount to be paid the lessee as indemnity upon surrendering his lease, leaving the vendee to settle with the tenant as to the surrender of the lease and the removal of the violation orders. This the vendee refused to accept, and, as we think, justifiably. The vendor thereupon made no further effort to clear the title, offering to return to the vendee his down payment and expenses, which was refused by the vendee, who thereupon began this action.

Upon these facts we are unable to agree with the court below that the vendor showed herself to be unable in good faith to complete her contract. On the contrary, it is quite evident that, if she had desired to do so, she could have cleared the title and made a good conveyance, and there are not lacking in the evidence suggestions that her real reason for refusing was that she had repented of her bargain. Under these circumstances the plaintiff was entitled either to a specific performance or to compensatory damages.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

· McLAUGHLIN and CLARKE, JJ., concur. PATTERSON, P. J., and INGRAHAM, J., dissent.

INGRAHAM, J. (dissenting). I think this judgment should be affirmed, as I think it appears that neither the plaintiff nor the defendant was ready or willing to complete the performance of the contract. When the contract was to be completed, the tenant attended with the defendant, ready and willing to surrender his lease upon payment of the amount to which he was entitled on the surrender. The defendant then offered to pay or deposit with the plaintiff. In relation to the violations of the tenement house law, it appeared that the plaintiff offered to deposit a sum of money which was assumed would make the changes required by the tenement house commissioner. The property was in the possession of a tenant who was bound to make these changes under his lease. He had failed to do so, and, when the vendor offered to deposit the money sufficient to make the changes, I think the defendant at least showed his good faith and justified the court in finding that he was then in good faith ready and willing to complete the contract. No objection was made to the amount, and the notice of the tenement house commissioner merely required certain changes to be made to make the property conform to the requirements of the law. On the subsequent day to which the closing of the matter had been adjourned the tenant did not appear, but the defendant renewed the offer to allow to the plaintiff the amount required to be paid to the tenant under the lease for the surrender of it, and also an amount sufficient to reimburse the plaintiff for any changes that he would have to make in consequence of the violation of the tenement house law. This was again refused by the plaintiff, who then brought this action. Under these circumstances I think the court was justified in finding that the defendant offered in good faith to do

all that he could to comply with the contract, and that the plaintiff was limited to a recovery of the amount that he had actually expended in carrying out the contract.

PATTERSON, P. J., concurs.