OPINION OF THE COURT
Per Curiam.
Judgment entered December 27, 1984 is unanimously reversed without costs; final judgment of possession is awarded in favor of the tenants.
Landlords instituted this holdover summary proceeding, to recover the subject apartment, on the sole ground that both the one-year lease between the parties and the section 8 contract (see, 42 USC § 1437f; 24 CFR 882.215 [47 Fed Reg 33499] [Aug. 3, 1982, amended 1984]) between landlords and the New York City Housing Authority (NYCHA) had expired. Tenants’ position, both in their pretrial motion to dismiss and at trial, was that, pursuant to Federal law and regulations, landlords were required to establish "good cause” in order to maintain the instant eviction proceeding. Civil Court held that a showing of "good cause” was not a prerequisite to this proceeding, and, because the lease between the parties had expired, awarded possession to landlords. The sole issue on *817 appeal is whether "good cause” is required for the nonrenewal of an existing section 8 housing lease.
In Mitchell v United States Dept. of Horn. & Urban Dev. (569 F Supp 701), the District Court for the Northern District of California granted a tenant’s motion for a preliminary injunction to restrain landlord from evicting her. The Mitchell court held that there was a "probability of success” by tenant on the merits of her claim that good cause must be shown for a landlord to fail to renew a section 8 housing lease.
While no court prior to Mitchell (supra) had addressed the precise issue at bar, in Swann v Gastonia Hous. Auth. (675 F2d 1342), the Fourth Circuit, construing a predecessor statute to section 1437f, which gave the housing authority the sole right to give a notice to vacate, held that the provision would be pointless if the housing authority were not to exercise some judgment before an eviction occurred (supra, at p 1345). Thus, the court in Swann held that a housing assistance tenant had a statutory entitlement to continue in the occupancy of the rental unit in the absence of good cause for eviction, despite the lapse of the term of the lease (supra, at p 1346). In addition, in Greenwich Gardens Assoc. v Pitt (126 Misc 2d 947), the court, following Swann and Mitchell, specifically recognized that a housing assistance tenant has a constitutionally protected property right to continued occupancy in the absence of good cause for eviction, even though the term of the lease lapses (supra, at p 951). (See also, R & D Realty v Shields, 196 NJ Super 212, 482 A2d 40.)
Moreover, the US Department of Housing and Urban Development (HUD) itself, on May 10, 1984, amended its regulations to conform to the holding of the Mitchell court. (49 Fed Reg 12214 et seq. [Mar. 29, 1984]; 49 Fed Reg 14729 [Apr. 13, 1984].) The commentary to the amended regulation stated:
"Since publication of the interim rule, a Federal district court decision (Mitchell v. U.S., 569 F. Supp. 701 (N.D. Cal, Aug. 1983)) has stated that the HUD regulatory exemption from good cause where the individual unit is not to be leased to an assisted tenant is not consistent with the legislative intent. The court indicated its preliminary view that an owner’s statutory obligation to comply with good cause for termination of tenancy ends only when the owner is terminating participation 'in the entire assisted housing program. ’ The Department believes that other courts are likely to follow this analysis.
*818 "The reasoning of the court in Mitchell affords the Department only two choices: (1) To allow an exemption from good cause if an owner is withdrawing all units from participation in the program; (2) to require that in all cases the owner must have good cause for termination of tenancy, without authorizing any exemption. After full consideration of the public comment on the interim rule, the Department has decided that the final rule will not provide or permit any exemption of the owner from the good cause requirement for termination of tenancy” (49 Fed Reg 12234).
While it is true that the HUD regulations in effect at the time this action was instituted specifically exempted from the "good cause” requisite a landlord who chose not to renew the section 8 tenancy as to a given unit, even as to that time period, Mitchell essentially holds that those regulations were contrary to the law and congressional intent, as embodied in section 1437f (d) (1). Moreover, while the new HUD regulations are not strictly applicable to the instant action, that HUD ultimately joined in the position taken by the Mitchell court, notably stating that "[t]he Department believes that other courts are likely to follow this analysis” (supra), is indicative of overwhelming legislative, administrative and judicial accord as to the policy position that a section 8 housing assistance tenant has a right to continued occupancy in the absence of good cause for eviction, notwithstanding the termination of the lease. Since the landlords herein have failed to demonstrate "good cause” for their refusal to renew the subject section 8 lease, the holdover petition must be dismissed.
Riccobono, J. P., Sandifer and Parness, JJ., concur.