OPINION OF THE COURT
Jerome B. Fleischman, J.
This holdover summary proceeding involves a so-called "Section 8 Lease” entered into pursuant to United States Housing Act of 1937 § 8, as amended (42 USC § 1437f), under the Existing Housing Program, whereby rent payments are subsidized by the Federal Government. The initial one-year term of the lease expired, after which the tenant respondent continued in possession as a month-to-month tenant under the same terms and conditions as the original lease.
*707 Prior to the commencement of this proceeding, the petitioner landlord caused a 30-day notice terminating the tenancy to be served on the respondent tenant, and mailed a copy to the local agency which administers the section 8 program (hereinafter referred to as PHA). While the petition alleges the reason for termination to be that petitioners desire to sell the house, which is a two-family house occupied only by the parties to this proceeding, and relocate in Arizona, no reason for termination was set forth in the 30-day notice. However, petitioners did testify at trial that they advised respondent orally as to the reason for termination. They further testified that they were retired and had purchased a house in Arizona where they were moving for health reasons and to be near their children and grandchildren. They believed that they could get a better price for their house if it were vacant.
Respondent did not testify or present any evidence. Her attorneys moved to dismiss the petition on three grounds. First, that this court had no jurisdiction to entertain the instant proceeding because the lease was for an indefinite period and could only be terminated for good cause which required an action for ejectment in the Supreme Court.
Second, the 30-day notice was defective because it did not set forth the reason for termination.
Third, the petitioners did not establish good cause for terminating the tenancy.
The legislative intent of the United States Congress is clearly enunciated in United States Housing Act of 1937 § 8, as amended (42 USC § 1437f [a]), as follows: "For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section.”
This statute further provides in subdivision (d) (1) (B) (ii) that "the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause”.
In keeping with the aforestated legislative intent, the courts have held that a section 8 tenant has a statutory right to continue in possession of the premises even after the expiration of the lease term, and cannot be evicted unless good cause is shown. (Mitchell v United States Dept. of Horn. & Urban Dev., 569 F Supp 701; Swann v Gastonia Hous. Auth., 675 F2d *708 1342; Greenwich Gardens Assocs. v Pitt, 126 Misc 2d 947; Rushie v Berland, 130 Misc 2d 816.)
As to whether such good cause can be established in a summary proceeding under RPAPL article 7, or only by an action for ejectment, there appears to be no reported cases in New York on this point. Respondent’s attorneys argue that the determinative issue is whether the right to terminate the lease for good cause involves a conditional limitation or a condition subsequent. If the former, summary proceedings would be available to the petitioner; if the latter, it would not. (2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 1007, 1008 [2d ed].)
Historically, the courts viewed the original statute of 1820 (ch 194), which first authorized summary dispossession as being in derogation of common law and in order to avoid an immediate forefeiture of the tenancy for a breach of a condition of the lease, narrowly construed the statute to apply only to nonpayment of rent and the expiration of the lease term by lapse of time. (Oakley v Schoonmaker, 15 Wend 226; Beach v Nixon, 9 NY 35.) In so doing, the courts found that the lease did not "expire” but "terminated” where a landlord exercised an option to declare the lease at an end by reason of the breach of a condition, in which event, so the reasoning was established that the statute did not apply and the landlord was relegated to the more lengthy common-law action of ejectment. (Penoyer v Brown, 13 Abb NC 82; Matter of Guaranty Bldg. Co., 52 App Div 140; Norman S. Riesenfeld, Inc. v R-W Realty Co., 223 App Div 140.)
The theory of this distinction between "expire” and "terminate” was that the summary proceeding statute covered only situations where the lease expired automatically upon the happening of the event, as opposed to the landlord having to take some action to exercise his right to terminate the lease.
However, the distinction between "expire” and "terminate” soon became muddled, if not entirely obliterated, by a series of cases which found that an option reposed in a landlord to “terminate” a lease upon the happening of an event could confer summary proceeding jurisdiction upon a court when coupled with a notice of a time after which the lease would "expire.” Thus, in the leading case of Matter of Miller v Levi (44 NY 489, 490) it was held that a lease where the landlord had a " 'privilege reserved to terminate the lease at the end of any year by giving sixty days previous notice, in case he *709 should sell or desire to rebuild’ ”, was a conditional limitation and not a condition subsequent, and summary proceeding jurisdiction would lie. The court reasoned that the lease term was conditionally limited by the sale and notice, the lease expiring automatically at the end of the 60-day notice.
It is difficult for this court to understand why the notice creating a lapse of time should make a difference. If the termination was dependent upon the landlord exercising an option, the lease did not automatically end upon the happening of the event, but upon the landlord "terminating” the lease by exercising his option. Perhaps it would have been more theoretically defensible if the Court of Appeals in Matter of Miller v Levi (supra) would have based its distinction of Beach v Nixon (supra) on the fact that the latter involved a breach of a condition on the part of the tenant resulting in a forfeiture of the term, while the former did not. But they did not and, over the years, the reasoning in Matter of Miller v Levi (supra) has been applied to confer summary proceeding jurisdiction in cases involving breaches of conditions where the landlord had the right to "terminate” the lease upon giving notice. (Ehret Holding Corp. v Anderson Galleries, 138 Misc 722; Raywood v Holden, 134 Misc 443, affd App Term, 1st Dept, June 20, 1929; Reisberg v Ownit Realty Corp., 133 Misc 156; Martin v Crossley, 46 Misc 254.)
It is submitted that this distinction is fictitious and contrary to the original rationale upon which the earlier cases held that a summary proceeding was not available to effect a forfeiture of the term upon a breach of a condition subsequent. I believe that the point can best be illustrated by an examination of the case of Perrotta v Western Regional Off-Track Betting Corp. (98 AD2d 1). There the court examined two paragraphs of a lease, both of which gave the landlord the option to terminate the lease if the tenant breached certain conditions. The only difference was that in one, the lease terminated immediately upon the exercise of the option; and in the other, the term did not end until after the lapse of time fixed in a notice by which the landlord exercised his election to end the lease. In both cases, the lease ended because the landlord chose to end it, not because of the automatic expiration of the term. However, the court found a conditional limitation where there was the lapse of time fixed by notice, and a condition subsequent where there was no such notice and lapse of time.
It is difficult for this court to understand the reasoning in *710 the Perrotta decision (supra). If the termination was dependent upon the landlord exercising an option, the lease did not automatically "expire” upon the occurrence of the contingency, and both clauses, historically and by definition, should have been regarded as creating conditions subsequent and not conditional limitations. It appears to this court that there is no meaningful distinction applied by the courts between conditions and conditional limitations, or between "expire” and "terminate” as used in RPAPL article 7, and that when a lease comes to an end by whatever means, a summary proceeding should be available to a landlord. In fact, the only criteria mentioned by the Federal cases for a dispossess proceeding against a section 8 tenant under State law is that he or she be afforded a full hearing on the issue of good cause. (Swann v Gastonia Hous. Auth., supra, cited in the unreported case of Cardillo v Knox, App Term, 2d Dept, Mar. 18, 1986, No. 514D, as dicta, for the proposition that good cause for eviction can be established in a summary proceeding.)
However, various authorities on the subject continue to perpetuate the fiction to give the courts a basis for denying summary proceedings to some and granting it to others, based on unknown and unenunciated considerations (34 NY Jur, Landlord and Tenant, § 352; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 1006 [2d ed]; 14 CarmodyWait 2d, NY Prac § 90:12), and until such time as a higher court sees fit to overrule the weight of this authority, this court is constrained to follow the same and apply it to the case at bar.
Examining the lease in question, it comes in two parts, both signed on December 9, 1984. The first part bears the heading "Residential Lease,” and provides for an initial term of one year running from March 1, 1985 to February 28, 1986. It further provides that if the tenant holds over with the landlord’s consent after the term, then the tenant shall be deemed to be a tenant from month to month upon the same terms and conditions provided in the lease.
The second part of the lease is entitled "Addendum to Lease.” The relevant parts read as follows:
"(B). In case of any conflict between the provisions of this section of the Lease and any other provisions of the Lease, the provisions of this section shall prevail.
"(C). The term of the lease shall begin on March 1, 1985 and shall continue until (1) a termination of the Lease by the *711 Landlord in accordance with paragraph (H) of this section * * *
"(H). Termination of Tenancy.
"(1). The Landlord shall not terminate the tenancy except for: * * * (iii) * * * other good cause.
"(2). The following are some examples of other good cause for termination of tenancy by the Landlord: * * * a business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, desire to rent the unit at a higher rental). This list of examples is intended as a non-exclusive statement of some situations included in other good cause, but shall in no way be construed as a limitation on the application of 'other good cause’ to situations not included in the list * * *
"(3). * * * the Landlord must notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Landlord gives notice to the Tenant under State or local law. The notice to the PHA may be given by furnishing the PHA a copy of the notice to the Tenant * * *
"(J). Any notice under paragraphs (H), (K), or (L) of this section may be combined with and run concurrently with any notice required under State or local law.”
The provisions heretofore recited for termination of the section 8 lease are not unlike that considered in the line of cases stemming from Matter of Miller v Levi (supra). In both instances, the lease was to continue until the happening of an event upon which the landlord had an option to terminate exercisable by giving notice after which the lease would expire. Therefore, I find that the provisions of the section 8 lease create a conditional limitation and not a condition subsequent, and that this court has jurisdiction under RPAPL article 7. In essence, the terms of this section 8 lease are limited by the right of the landlord to terminate by giving notice after which the lease would expire. It is significant that in the case at bar there was no breach of condition on the part of the tenant which resulted in a forefeiture of the term. In fact, the original one-year term of the lease had already expired. Furthermore, HUD regulations (24 CFR 882.215 [c] [3]) prohibit a landlord from terminating the lease for other good cause during the first year of the term. And where a landlord has an option to terminate the lease, to be exercised by serving a notice fixing a time after the lapse of which the *712 lease will expire, there is ample authority for finding a conditional limitation authorizing a summary proceeding for eviction. (Matter of Loew’s Buffalo Theatres, 233 NY 495; Matter of Lonas v Silver, 201 App Div 383; Fowler Ct. Tenants v Young, 119 Misc 2d 492; Kennedy v Deignan, 90 Misc 2d 238; Inip Co. v Bailey, Green & Eiger, 78 Misc 2d 235; McCutcheon Realty Corp. v Kilb, 129 Misc 637; Krim Realty Corp. v Varveri, 97 Misc 407; Burnee Corp. v Uneeda Pure Orange Drink Co., 132 Misc 435; Manhattan Life Ins. Co. v Gosford, 3 Misc 509; Childs Co. v Burke, 110 Misc 103; Matter of 507 Madison Ave. Realty Co. v Martin, 200 App Div 146, affd 233 NY 683; Ashton Holding Co. v Levitt, 191 App Div 91.)
As to the sufficiency of the notice given, the lease contains no provisions for the forms of the notice other than a reference to State or local law. While the HUD regulations contained in 24 CFR ch VIII are replete with sections providing in detail what type of notice is required as to other types of housing accommodations within the jurisdiction of HUD, section 882.215 dealing with this type of accommodation contains no such provisions. In fact, subdivision (f) provides that the eviction proceedings contained elsewhere in part 247 of the regulations "shall not apply to a tenancy assisted under the Section 8 Existing Housing Program.”
The only reference in the lease or regulations as to the type of notice required is to State or local law. Section 232-b of the Real Property Law, which applies to the termination of a month-to-month tenancy outside of the City of New York, provides for a one-month notice. The courts have held that this notice may be oral. (McGloine v Dominy, 233 NYS2d 161; Smith v Scott, 190 Misc 600; Besdine v Leitner, 166 Misc 658.) In this case, the notice was both written and oral. The written notice gave the date on which the lease would expire, and the oral notice gave the tenant the reason for the termination. The tenant never disputed the fact that she received both the written and oral notices. A copy of the written notice was sent to the PHA, which is all that the lease and the regulations require. Therefore, I find that the notice terminating the tenancy was sufficient.
The question of whether or not petitioner landlord has shown "good cause” for terminating the tenancy is also without precedent. This court could find no cases, reported or otherwise, interpreting that phrase as used in 42 USC § 1437. The examples of "good cause” contained in the lease are copied verbatim from the HUD regulations. (24 CFR 882.215 *713 [c] [2].) They include almost every imaginable situation involving both economic and personal reasons, such as a sale of the property or the desire to rent at a higher rental. In fact, the legislative intention for this section of the statute as reported in 1981 United States Code Congressional and Administrative News, at 1053-1054 is that, "It is not the intention of the Conferees that these statutory provisions govern the relationship between a landlord and a tenant after a landlord has, in good faith, terminated his participation in the sec. 8 existing program.” (House Conference Report No. 97-208, Omnibus Budget Reconciliation Act, 95 US Stat 357.)
In this proceeding, the landlord, who owns only two units (one of which she occupies) has, in good faith, determined to terminate her participation in the section 8 Existing Housing Program, in order to be able to sell her house at a better price and relocate in another part of the country for health reasons and to be near her immediate family. I find this to be a good economic and personal reason which establishes "good cause” for terminating the tenancy. It is inconceivable that the framers of this legislation intended that an owner of a two-family house who rented one apartment under a section 8 lease, should forever be bound to continue the relationship.
Judgment for possession is awarded to petitioner, with a 30-day stay of execution of the warrant conditioned upon payment for use and occupancy at the current monthly rental rate.