OPINION OF THE COURT
Ira B. Warshawsky, J.
Petitioner commenced the instant holdover proceeding by service of a notice of petition and petition on or about January 7, 1988. Respondent now moves for an order dismissing the petition on grounds which are particular to tenancies entered into under section 8 of the United States Housing Act of 1937 (42 USC § 1437Í).
*288 The parties entered into a lease agreement on or about June 24, 1985 under the Section 8 Existing Housing Certificate Program, governed by regulations found at 24 CFR part 882 et seg. The lease agreement provides for a one-year lease term, which is modified by the lease addendum providing that the lease term shall begin on July 1, 1985 and "shall continue until (1) a termination of the Lease by the Landlord in accordance with paragraph (H) of this section, (2) a termination of the Lease by the Tenant in accordance with the Lease or by mutual agreement during the term of the Lease, or (3) a termination of the contract by the PHA.” This provision follows the language set forth in the regulations at 24 CFR 882.215 (a) (1).
Paragraph (H) of the lease addendum, entitled "Termination of Tenancy”, provides that the landlord,
"shall not terminate the tenancy except for:
"(i) Serious or repeated violation of the terms and conditions of the Lease;
"(ii) Violation of Federal, State, or local law which imposes obligations on a tenant in connection with the occupancy or use of the dwelling unit and surrounding premises, or "(iii) Other good cause”.
Examples of "other good cause” are set forth in paragraph (H), including "a business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, desire to rent the unit at a higher rental).”
Paragraph (H) (3) further provides that the landlord "may evict the Tenant from the unit only by instituting a court action. The Landlord must notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Landlord gives notice to the Tenant under State or local law. The notice to the PHA may be given by furnishing the PHA a copy of the notice to the Tenant.” The foregoing provisions of paragraph (H) similarly follow the language of the regulations at 24 CFR 882.215 (c).
The petition alleges that petitioner served a proper notice of termination of tenancy upon respondent. The notice, a copy of which is annexed as exhibit III to the opposing papers, is dated October 20, 1987 and states in part that the landlord "hereby elects to terminate your monthly tenancy of said premises as of the end of the day of November 30, 1987. you and all other persons occupying said premises are hereby notified that you are required to quit the said premises and *289 surrender possession thereof to the undersigned on or before said expiration day of your tenancy, unless you comply with this notice, the undersigned will commence summary proceedings under the law to remove you from said premises for the holding over after the expiration of your term.”
The notice further gives respondent the option to retain her leasehold if she agrees to an increase in rent, and states at the bottom: "note: this notice conforms with paragrphs [sic] 9 OF YOUR SECTION 8 LEASE AND H OF THE LEASE ADDENDUM THERETO AS GOOD CAUSE BEING THAT THE LANDLORD DESIRES TO RENT THE PREMISES FOR A HIGHER RENTAL THAN OFFERED BY SECTION 8.”
The petitioner commenced the instant holdover proceeding on or about January 7, 1988. Respondent contends that the petition must be dismissed on the ground that a summary holdover proceeding is not maintainable in this section 8 tenancy because the termination clause provides for a condition rather than a conditional limitation, and on the additional ground that the petition is defective because it fails to allege compliance with the provision set forth in paragraph (H) (3) of the lease addendum and with the corresponding section 8 regulation requiring the landlord to notify the public housing authority in writing of the commencement of procedures for termination of the tenancy.
With respect to respondent’s first argument, the courts have consistently recognized a distinction in the termination of a leasehold pursuant to a condition (or condition subsequent) and a conditional limitation. If a leasehold can be terminated because the tenant’s breach of a condition of the lease gives the landlord the option to declare the lease at an end, thereby exercising his right of forfeiture, a condition exists pursuant to which the landlord must enforce the forfeiture by reentry in an action for ejectment. (Beach v Nixon, 9 NY 35; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1; 34 NY Jur, Landlord and Tenant, §§ 352, 376 [1987].) If, however, the landlord has the option to terminate the lease by serving a notice fixing a time after the lapse of which the lease will automatically expire, a conditional limitation of the leasehold exists, pursuant to which a summary holdover proceeding will lie. (Fowler Ct. Tenants v Young, 119 Misc 2d 492; Matter of Miller v Levi, 44 NY 489; Perrotta v Western Regional Off-Track Betting Corp., supra.)
The distinction, however fictitious, permitting the mainte *290 nance of a summary proceeding is based upon the lease expiring automatically so that nothing further need be done by the landlord to terminate the lease. If the tenant continues in possession after the automatic expiration of the lease, he is holding over and a summary proceeding is maintainable. (See, Besmanoff v Allen, 137 Misc 2d 706; 2 Rasch, New York Landlord & Tenant — Summary Proceedings § 747 [2d ed]; RPAPL 711 [1].)
The term of the instant section 8 lease is indefinite because it contains no set termination date, but continues on a monthly basis until termination either by the landlord for good cause, by the tenant without cause, or by the public housing authority through termination of the section 8 contract. (See, 24 CFR 882.215 [a] [1], [5]; [c].) Respondent argues that the termination clause set forth in paragraph (H), permitting the landlord to terminate the tenancy for good cause, does not provide for any procedure whereby the lease automatically expires upon the mere occurrence of an event, and does not provide for any notice of termination. Consequently, respondent asserts that the termination clause creates a "condition” rather than a "conditional limitation”, so that the instant holdover proceeding will not lie.
The court disagrees. The termination clause in the lease and in the section 8 regulations adopts the notice requirements of State or local laws, and provides that the landlord must terminate the tenancy for good cause by instituting a court action, giving such notice to the tenant as is required under State or local law. (See, 24 CFR 882.215 former [c] [3].) State law interprets the provisions of this tenancy as a month-to-month tenancy and requires the landlord to give the tenant 30 days’ notice in order to terminate such month-to-month tenancy, at the end of which period the lease automatically expires. (Real Property Law § 232-b; Besmanoff v Allen, supra.) Upon expiration of the lease, a holdover proceeding is maintainable. (RPAPL 711 [1].) The section 8 tenancy is distinguished only by the additional requirements that the landlord must have good cause for termination and must give notice to the public housing authority of such termination.
The respondent’s position is untenáble not only based upon State law, but also when viewed in the over-all context of the Section 8 Existing Housing Program which is designed to provide lower-income families with access to decent, economically mixed housing. (42 USC § 1437f [a].) To require a landlord to commence a more costly and time-consuming Supreme *291 Court action for ejectment in order to evict a section 8 tenant, if not in direct contravention of legislative intent, would at the very least be counterproductive to the section 8 program. Such a requirement would only serve to discourage landlords from joining the program, the success of which depends upon their voluntary participation. (See, Gallman v Pierce, 639 F Supp 472.)
The instant petition alleges that the petitioner served a proper notice of termination upon respondent in accordance with State law. The notice, a copy of which was submitted as exhibit III to the opposing papers, stated a permissible ground for termination under the lease addendum and regulations, and clearly set forth the date on which the tenancy would automatically end.
Upon the lapse of the designated period of time, the tenancy ended automatically in accordance with the lease addendum and regulations providing for termination of the tenancy by giving notice under State or local law. Accordingly, the court holds that the termination clause of the lease created a conditional limitation, pursuant to which a holdover proceeding is maintainable. (Accord, Maia v Castro, 139 Misc 2d 312.)
Respondent next asserts that the petition must be dismissed for failure to allege that the public housing authority (hereinafter PHA) was notified of the commencement of the instant holdover proceeding, as required by paragraph (H) (3) of the lease addendum and the regulations governing section 8 housing. In response, the petitioner raises several issues pertaining to the PHA notice provision on which there appear to be no published decisions.
As noted above, paragraph (H) (3), which closely follows the language of 24 CFR 882.215 former (c) (3), requires the landlord to "notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Owner gives notice to the Tenant under State or local law. The notice to the PHA may be given by furnishing the PHA a copy of the notice to the Tenant.”
The petition fails to allege that any such notice was served upon the PHA. The opposing affidavit of petitioner’s managing agent concedes that the only written notice given the PHA was pursuant to a letter dated June 17, 1987, approximately four months prior to service upon respondent of the notice to terminate. Said letter, annexed to the opposing papers as exhibit A, states in pertinent part, "This is to inform you that *292 we are unable to accept the $601.00 per month rent offered by Section 8 for Yerma Owens of 10 Rosedale Ave. Freeport, N.Y. The market rent of that size apartment is $850.00 per month. Unless Ms. Owens signs our standard lease for $850.00 per month this is formal notification we will terminate the contract immediately.”
Petitioner initially questions whether failure to plead compliance with the PHA notice requirement is a jurisdictional defect, and contends that the aforesaid letter, together with unspecified telephone calls to the PHA, gave adequate notice of the instant action and substantially complied with the notice provision. Petitioner further questions whether the tenant can raise this issue, arguing that the tenant is not prejudiced by failure to comply with the notice provision, the purpose of which, petitioner asserts, is to protect the section 8 PHA.
Prior to October 1, 1981, there was no question that notice to the PHA was essential in order to maintain an eviction proceeding. This is because the statute then in effect governing the section 8 program required agency involvement in all eviction proceedings, providing the public housing agency with "the sole right to give notice to vacate, with the owner having the right to make representation to the agency for termination of tenancy”. (See, 42 USC § 1437f former [d] [1] [B] [1977].) The regulation implementing this section required the owner to obtain the PHA’s authorization for any eviction proceeding by furnishing it with a copy of the written notice of proposed eviction given to the tenant, to which the tenant had 10 days to respond. The PHA was required to review the grounds for eviction and the tenant’s response and authorize the eviction if it found the grounds to be sufficient. (24 CFR former 882.215 [1981].) This review was for the purpose of determining that good cause existed to terminate the tenancy, but did not require a hearing by the agency. (Swann v Gastonia Hous. Auth., 675 F2d 1342, 1345.)
In 1981 the statute was amended, effective for leases entered into on or after October 1, 1981, to permit the landlord to initiate proceedings to terminate the section 8 tenancy, specifically requiring the landlord to have good cause for termination. In so amending the statute, Congress intended to " 'minimize disturbance of the private relationship under State law between the unit owner and the tenant’ ” recognizing that the success of the section 8 program " 'depends on voluntary participation by private owners of existing housing.’ *293 * * * The amendfment] * * * was * * * designed to 'assure owners that the procedural and substantive rights of the assisted tenant are the same as those applicable to the non-subsidized tenants.’ ” (Gallman v Pierce, 639 F Supp 472, 476, quoting Senate Budget Comm, Omnibus Reconciliation Act of 1981, S Rep No. 139, 97th Cong, 1st Sess 256, reprinted in 1981 US Code Cong & Admin News 396, 552.)
Implicit in the statutory amendment was the legislative intent to permit the State court, rather than the PHA, to make the determination as to whether the landlord has good cause to terminate the section 8 tenancy.
However, PHA involvement in section 8 eviction proceedings has not been entirely eliminated. While the regulation implementing the statute no longer requires the PHA to authorize evictions under leases entered into on or after October 1, 1981, the landlord still must give the PHA written notice of the commencement of eviction proceedings at the same time that notice is given to the tenant under State or local law. (24 CFR 882.215 [c] [3] [1985].) The court finds that the notice given the PHA in the case at bar was not timely and therefore did not comply with the aforesaid notice provision.
At issue before the court is whether a landlord’s failure to comply with the PHA notice requirement is fatal to the maintenance of eviction proceedings, in view of the fact that the statute and regulations, as revised, no longer require active PHA involvement in the termination of section 8 tenancies entered into after October 1, 1981. This court finds that it is.
The intent behind the regulation in effect for pre-October 1, 1981 section 8 leases requiring PHA authorization for evictions was "to guard against casually or haphazardly commenced eviction proceedings against section 8 tenants; to fully apprise a section 8 tenant of the grounds for eviction prior to the institution of summary proceedings; and to give notice to the public housing agency administering section 8 funding that the continued possession of occupants in whom it has a substantial interest is threatened.” (Jennie Realty Co. v Sandberg, 125 Misc 2d 28, 30 [App Term, 1st Dept 1984].)
These concerns are no less applicable to section 8 leases entered into on or after October 1, 1981, as is readily apparent from the revised regulation’s requirement that the PHA be given written notice of the commencement of eviction proceed *294 ings at the same time that the tenant is given such notice. (24 CFR 882.215 [c] [3] [1985].) The PHA has a substantial interest in the section 8 tenancy, since it is charged with the responsibility of making the housing subsidy payments directly to the landlord on behalf of the tenant and otherwise administering the section 8 program with the participating owner. (42 USC § 1437f [b] [1]; [c], [d].) It is essential that the PHA be given timely notice of the commencement of proceedings to terminate the tenancy, not only so that it does not continue to make housing subsidy payments on behalf of a tenant who is no longer in possession, but also to enable it to monitor the actions of the landlord and to afford it the opportunity to intervene if it deems it necessary to protect the interests of the section 8 tenant.
The court finds petitioner’s argument that the tenant does not have standing to raise this issue to be without merit. The section 8 program is designed to aid lower-income families in obtaining a decent place to live and to promote economically mixed housing. (42 USC § 1437f [a]; Greenwich Gardens Assocs. v Pitt, 126 Misc 2d 947.) The entire program is structured for the benefit of the section 8 tenant. The issue of a landlord’s compliance with the lease and regulations in practicality must be raised by the tenant as the potential for prejudice to the tenant is very real.
In light of the foregoing, the court holds that a landlord seeking to terminate a section 8 tenancy must serve a copy of the termination notice (or equivalent notice) on the public housing authority at the same time that such notice is served on the tenant. Failure to do so is a jurisdictional defect which precludes the maintenance of a summary proceeding. The notice should be sent to the public housing authority by certified mail and the return receipt attached to the petition, or in the alternative, an affidavit of service should be submitted with the petition.
The court recognizes that it is not necessarily a jurisdictional requirement that the petition allege compliance with the PHA notice provision, as long as compliance is proven at trial. (Cf., Matter of Olean Urban Renewal Agency v Herman, 50 AD2d 1081 [wherein the App Div, 4th Dept, held compliance with a Federal regulation governing the tenancy in question need not be alleged in the petition in order for a summary proceeding to be maintainable but that such compliance must be proven at trial]; 215-219 Union Ave. Assn. v Miller, 134 Misc 2d 507 [wherein the court held it is not a *295 jurisdictional requirement to allege in a petition that the tenant is a section 8 tenant and that compliance with certain Federal regulations has been met but, that such a recitation is preferable].) Such compliance nevertheless should be alleged in the petition, as failure to do so may result in dismissal for failure to state the facts upon which the special proceeding is based, as required by RPAPL 741 (4).
Finally, the petitioner questions the enforceability under New York State law of the provision of the section 8 lease setting forth the "good cause” requirement for termination, arguing that said provision is unenforceable for lack of mutuality because the landlord must have good cause to terminate the tenancy, whereas the tenant can terminate the tenancy without cause after the first year upon 60 days’ notice. (24 CFR 882.215 [a] [5].)
The court finds this argument to be entirely without merit. The petitioner voluntarily participated in the section 8 program, the nature of which is heavily regulated. In return for compliance with the program’s requirements, a landlord receives many benefits built into the program, not the least of which are the guaranteed monthly payment by the PHA of a substantial portion of the rent, and the guaranteed payment by the PHA of up to 80% of the rent for up to 60 days if the tenant vacates in violation of the lease. (24 CFR 882.105 [b]; see also, Swann v Gastonia Horn. Auth., 675 F2d 1342, 1346, supra.) The petitioner was aware of the "good cause” requirement for termination at the time it chose to participate in the section 8 program in return for the program’s benefits to landlords, and cannot now argue that the lease provision is unenforceable for lack of mutuality. (Cf., Rushie v Berland,. 130 Misc 2d 816 [wherein the App Term, 1st Dept, found the good cause provision of the section 8 lease to be enforceable on other grounds].)
In accordance with the foregoing, respondent’s motion for an order dismissing the petition for failure to serve the PHA with timely notice of termination of the section 8 tenancy is granted.