OPINION OF THE COURT
Walter Tolub, J.
This is a commercial holdover proceeding, in which the *726 respondent moves to dismiss the petition on the grounds that the clause in the lease upon which the petitioner bases this action is a condition subsequent precluding the petitioner from maintaining a summary proceeding. The motion to dismiss is granted.
Respondent took possession of the demised premises in August of 1987 as assignee of the original tenant Seaport Lichee Nut Restaurant, Inc. Over the course of the next few years, there were three amendments to the lease agreement. The third clause of the third amendment is at issue in this proceeding. The clause is entitled "Landlord’s Right to Terminate” and it states in pertinent part, "if Tenant’s Gross Sales during the calendar year 1990 do not exceed $2,000,000 Landlord shall have the option to terminate the lease agreement * * * by giving advance written notice of its intention to terminate to Tenant within sixty (60) days after Tenant has submitted its statement of Gross Sales for calendar year 1990 to Landlord in accordance with the printed Section 5.6 of the Lease agreement, which notice will state the date on which the lease agreement shall terminate. Tenant shall submit its statement of Gross Sales certified by an independent Certified Public Accountant, within thirty (30) days after the end of the calendar year 1990. Tenant’s failure to timely submit such certified statement shall be deemed an admission by Tenant that its Gross Sales did not exceed $2,000,000. If within said 60-day period, Landlord fails to notify Tenant of its intention to terminate as provided above, the first Option to Terminate shall be deemed to be null and void, and of no further force and effect.”
It is the respondent’s contention that this provision created a condition subsequent, precluding the landlord from commencing a summary proceeding to regain possession. Respondent argues that the provision in dispute creates a condition subsequent and that the petitioner’s only recourse is to commence an action for ejectment or under the modern terminology, an action to recover real property (RPAPL 601 et seq.). In the case of a breach of a condition subsequent, the breach does not automatically terminate the lease. The lease continues until the landlord, who has the right of forfeiture, elects to terminate it. Possession can only be accomplished by a plenary action for ejectment (Beach v Nixon, 9 NY 35; Nathan’s Famous v Frankorama, Inc., 70 Misc 2d 452).
The petitioner argues that paragraph three of the third lease amendment created a conditional limitation entitling it *727 to maintain a summary proceeding. In the case of a conditional limitation, the lease automatically expires upon the occurrence of the stipulated contingency (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 23:22 [3d ed]). Since the lease expires upon the occurrence of the contingency, the landlord may seek possession by a summary holdover proceeding (RPAPL 711 [1]).
A condition, as known in the law of real property, is a “qualification or restriction annexed to a conveyance of lands, whereby it is provided that, in case a particular event does or does not happen, or in case the grantor or grantee does, or omits to do, a particular act, an estate shall commence, be enlarged, or defeated.” (Goodeve, Real Property, at 189; Coke on Littleton, at 201a; Anderson’s Law Dictionary "condition”, cited with approval in Munro v Syracuse, Lake Shore & N. R. R. Co., 200 NY 224, 230.)
A conditional limitation is defined as a restriction or qualification annexed to a conveyance of land or a lease providing that the estate granted is subject to a limitation which is future and contingent, on the happening of which the lease is thereupon to expire instantly by the express terms of the instrument creating it (Beach v Nixon, 9 NY 35, supra).
Authorities consider conditional limitations to be of three categories or types (see, e.g., 2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 23:26-23:30 [3d ed]). The first type is a provision for the expiration of the lease upon the happening of a specified or objective contingency, which contingency is not controlled either by the landlord or the tenant. Examples of this type of limitation are clauses providing for termination upon the lessee filing for bankruptcy (see, Murray Realty Co. v Regal Shoe Co., 265 NY 332), or where the lease terminates upon the destruction of the demised premises (Crosstown Syndicate v Messinger, 112 NYS2d 139).
The second type of limitation is one in which the provision construed as a conditional limitation expires on a specified contingency and where the occurrence of the contingency is set in motion by the landlord. An example of this type of limitation is a termination of the lease upon the landlord’s sale of the premises (see, Matter of Miller v Levi, 44 NY 489). In this instance, the contingency is not an objective event but flows from the volition of the landlord.
The third type of limitation, and the one most troublesome for the courts, provides for the early expiration of a lease *728 upon the happening of a specified contingency; to wit, the lapse of time fixed in a notice which is set in motion by a landlord based on a prior breach of the lease by the tenant (see, TSS-Seedman’s, Inc. v Elota Realty Co., 72 NY2d 1024; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 23:29, at 190 [3d ed]).
These are generally so-called option cases and as Rasch explains (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 23:31, at 197 [3d ed]):
"While the lease may grant a landlord an option as to whether he will avail himself of the conditional limitation, once he exercises this option it must be clearly provided that the lease will then come to an end at the earlier date fixed by the happening of the stipulated contingency, or a lapse of the period of time fixed by the landlord’s notice, as the lease may prescribe. While the lease may grant a landlord an option as to whether he will avail himself of the conditional limitation, it must be clearly provided that once he exercises this option, the lease will then come to an end at the earlier date fixed by the happening of the stipulated contingency, or the lapse of the period of time fixed by the landlord’s notice, as the lease may prescribe.
"It should be emphasized that whereas the element of volition may be present in both a condition as well as in a conditional limitation, yet, therein lies the basic difference between them. In the case of a condition, the volition is to terminate the lease; in the case of a conditional limitation, the volition is to exercise the right to avail oneself of the conditional limitation; after the exercise of the right, then the lease expires regardless of any volition.” (Emphasis supplied.)
The court in Lamlon Dev. Corp. v Owens (141 Misc 2d 287, 289) stated the rule most succinctly: "If a leasehold can be terminated because the tenant’s breach of a condition of the lease gives the landlord the option to declare the lease at an end, thereby exercising his right of forfeiture, a condition exists pursuant to which the landlord must enforce the forfeiture by reentry in an action for ejectment. (Beach v Nixon, 9 NY 35; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1; 34 NY Jur, Landlord and Tenant, §§ 352, 376 [1987].) If, however, the landlord has the option to terminate the lease by serving a notice fixing a time after the lapse of which the lease will automatically expire, a conditional limita *729 tian of the leasehold exists, pursuant to which a summary holdover proceeding will lie. (Fowler Ct. Tenants v Young, 119 Misc 2d 492; Matter of Miller v Levi, 44 NY 489; Perrotta v Western Regional Off-Track Betting Corp., supra.)”
Paragraph three of the third amendment creates a condition subsequent and not a conditional limitation. The notice of termination is the announcement of the landlord’s decision or intention as to exercise his option to terminate the lease (see, Perrotta v Western Regional Off-Track Betting Corp., supra).
Accordingly, the respondent’s motion to dismiss is granted without prejudice to petitioner’s right to commence a plenary action.